[Stewart v. Court of County Commissioners of Hale County.]

The peculiarity we refer to is this: The account was filed, and publication ordered, for settlement with her as a minor, but no steps were taken to have her represented as a minor. Four and a half years afterwards, without further notice, and without her presence by self or counsel, the settlement was made with her on the recited fact that she had become of lawful age. We mention these facts, not for the purpose of raising any inquiry as to the good faith of the guardian. The trust estate was small, and our attention has not been directed to anything in the record which indicates bad faith, or inefficient administration. Our sole purpose in introducing this subject is, that we may disclaim any and all intention, in what is decided above, of approving or disapproving the course pursued, changing the settlement from one with a minor to a settlement with an adult, without the presence or representation of the ward, and without notice of the changed purpose. Should a case similar to this ever again come before us, we wish to be understood as entirely uncommitted on this question.

The decree of the chancellor is affirmed.

# Stewart v. Court of County Commissioners of Hale County.

*Certiorari to County Commissioners, in matter of Proceedings Establishing new Agricultural District.*

1. *Constitutionality of act approved February 23d, 1883, authorizing establishment of new agricultural districts in Hale county, with powers conferred by other laws referred to by title only.*—The 4th section of the act approved February 23d, 1883, authorizing the establishment of new agricultural districts in Hale county, which section provides that the act establishing the Canebrake Agricultural District, "approved February 20th, 1866, as amended January 2d, 1874, and all laws in reference thereto, shall be in full force over and upon all districts established under this act, . . as though incorporated in this act" (Sess. Acts 1882-3, p. 616), is violative of the constitutional provision contained in the 2d section of the 4th article, which declares that the provisions of no law shall be "extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length;" and the other sections of said act being inoperative without the aid of the 4th section, the entire enactment is void.

APPEAL from the Circuit Court of Hale.
Tried before the Hon. JOHN MOORE.

14

82 209
96 212

82 209
101 534

82 209
106 514

82 209
114 74

82 209
131 501

[Stewart v. Court of County Commissioners of Hale County.]

The appellants in this case, Charles Stewart and others, appeared before the Court of County Commissioners of Hale county, and resisted an application by W. C. Christian and others for the establishment of an agricultural district in said county ; and the application having been granted, they sued out a *certiorari* to remove the proceedings into the Circuit Court, and there moved to quash them. The proceedings for the establishment of the district were instituted under the act approved February 23d, 1883, entitled "An act to empower the Court of County Commissioners of Hale county to extend the limits of the Canebrake Agricultural District in said county, or to establish new and separate agricultural districts in said county, upon petition of a majority of the land-owners in any beat or district to be affected thereby."—Sess. Acts 1882-3, pp. 616-18. The said act consists of six sections. The first section authorizes said Commissioners Court "to extend the limits of the Canebrake Agricultural District in Hale county, or to establish new and separate agricultural districts in said county." The second section provides for the institution of proceedings by petition on the part of ten freeholders, and notice thereof to be given by publication. The third section provides for a hearing of the application, and requires the court to decide in favor of, or against it, as determined by the majority of the land-owners. The fourth section is in these words : "That the act entitled 'An act to establish the Canebrake Agricultural District,' approved February 20th, 1866, as amended January 2d, 1874, and all laws in reference thereto, shall be in full force over and upon all districts established under this act, or that may be by said court included in said Canebrake Agricultural District, as though incorporated in this act." The fifth and sixth sections, afterwards repealed, related to the erection and repair of gates and fences on and around the district, and authorized the levy of a special tax for the purpose.

The Circuit Court refused to quash the proceedings, and dismissed the petition ; and its judgment is now assigned as error.

THOS. R. ROULHAC, for the appellants.

COLEMAN & COLEMAN, *contra.*

SOMERVILLE, J.—On November 14th, 1885, the Court of County Commissioners of Hale county, the appellees in this suit, acting under the authority supposed to be conferred on them by the act approved February 23, 1883

[Stewart v. Court of County Commissioners of Hale County.]

(Acts 1882–83, pp. 616–18), made an order establishing a new and separate "Agricultural District" in that county, within certain limits of territory particularly described. In the present proceeding, which is a petition for a *certiorari*, the effort is made by the appellants to annul and vacate that order, by motion to quash, duly made on the hearing in the Circuit Court. The ground of the motion is the alleged unconstitutionality of the act of February 23, 1883, under the authority of which the commissioners acted in making the order.

There are several distinct clauses in the present constitution to which, it is contended, the act is repugnant. We propose to notice but one, which, in our judgment, is fatal to its validity as a constitutional enactment. It is provided by section 2, of article IV of the constitution, that "Each law shall contain but one subject, which shall be clearly expressed in its title," with certain exceptions not affecting the present case. In the same section it is further provided, "that *no law* shall be revived, amended, or the provisions thereof *extended or conferred by reference to its title only; but* so much thereof as is revived, amended, extended, or conferred, *shall be re-enacted and published at length.*" Const. 1875, Art. IV, § 2.

The first clause of this section, which is analogous in its purpose to the last, has been many times construed by this court. In *Ballentine v. Wickersham*, 75 Ala. 533, 536, referring to the phrase, "shall be *clearly expressed* in the title," it was said, that "the intention of this was, that the title of the act or bill should inform the members of the legislature, and perhaps the public, of the subject on which the former was invited to vote and legislate. Matters foreign to the main object of the bill," it was added, "had sometimes found their way into bills—surreptitiously, at times, it was charged—and thus the members were induced to vote for measures in ignorance of what they were doing. The constitutional provision intended to render a continuance of this abuse impossible."

The second clause of the same section, quoted above, has in view a like policy. It prohibits, in plain language, the revival, amendment, extension, or the otherwise conferring of the benefits of the provisions of any law, "by reference to its title only;" but, to accomplish this purpose, it is made mandatory that "so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published *at length.*" The obvious design is to establish a rule of legislation, which shall operate, as far as possible, to induce the members of the General Assemby to fully

know and intelligently consider the details of every measure—to vote for no bill in blind ignorance of its provisions, or even in trusting confidence to the representations of others. The entire law, or portion of a law, designed to be made operative, in either of the ways specified, must be set out at length, so that, when read, it may be comprehended by those called on to vote for or against its passage, and when published it may be plainly understood and easily construed.

That the act of February 23, 1883, under consideration, is violative of this provision of the constitution, is almost too plain for argument. It very clearly attempts to extend an existing law by reference to its title only. We leave out of view any question as to delegating the power to establish new districts, or to extend the limits of existing ones, upon the Court of County Commissioners. Our proposition is, that section 4 of the act now under discussion seeks to *extend* the provisions of "the act entitled an act to establish the Canebrake· Agricultural District, approved February 20th, 1866," and other laws amendatory thereof, over the territory of all new districts which may be designated by the Court of County Commissioners under the authority given them by this law, by reference only to the title of the acts sought to be extended. These acts are not "re-enacted and published at length," nor any part or section of them. They are yet declared to be as operative "as though incorporated in this act"—meaning the act of February 23, 1883. Acts 1882-83, pp. 616-18. The attempt is plainly to extend the provisions of the act over additional territory, at the option of the Court of County Commissioners, and, we repeat, there is no reference to the contents of the act, otherwise than to its title only. This, under the clause of the constitution above quoted, was insufficient.

Sections 5 and 6 of this statute are expressly repealed by the subsequent amendatory act of February 17, 1885. Acts 1884-85, p. 780. The unconstitutionality of section 4 leaves no life in the remainder of the law, which, under well-settled rules, must also fall to the ground.—*Powell v. State*, 69 Ala. 13; *South & North Ala. R. R. Co. v. Morris*, 65 Ala. 198; *Allen v. Louisana*, 103 U. S. 80.

It necessarily follows, that the Circuit Court erred in dismissing the petition ·of the appellants, and in refusing to quash the proceedings of the Court of County Commissioners. The judgment will be accordingly reversed, and a judgment will be entered in this court sustaining the motion to quash, and annulling the order made by the Commission-

[Strong v. Taylor.]

ers Court purporting to establish the agricultural district described in the petition.