# Bay Shell-Road Co. *v*. O'Donnell.

*Trespass for Wrongfully Impounding Cattle.*

1. *Constitutional provisions as to amending or extending laws by reference to title; estraying cattle on Bay Shell-Road in Mobile.*—The second section of the act "for the protection of life and property upon the Bay Shell-Road" in Mobile, approved February 17th, 1885 (Sess. Acts 1884-5, pp. 392-3), so far as it authorizes any officer or employee of the road company to take up any animal found running at large on its road, and to estray the same in the manner provided by the general law governing estrays, referring to said law only by the numbers of the article, chapter and title in the Code of Alabama, in which it is found, is violative of the constitutional provision (Art. IV, § 2), which provides, that no law "shall be revived, amended. or the provisions thereof *extended or conferred*, by reference to its title only, but so much thereof as is revived, amended, *extended or conferred*, shall be re-enacted and published at length."

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by John O'Donnell, against the Bay Shell-Road Company, a private corporation, to recover

damages for an alleged trespass committed by defendant's servants and agents, in seizing plaintiff's cattle while trespassing on said shell-road, and detaining them until plaintiff paid the required fees and expenses in order to procure their release; and it was commenced on the 12th April, 1887. The defendant pleaded not guilty, and filed a special plea justifying the seizure under an act of the General Assembly, the material provisions of which are quoted in the opinion of the court. The court below sustained a demurrer to the special plea, and the ruling thereon is here assigned as error, with other matters which require no special notice.

OVERALL & BESTOR, for appellant.

R. INGE SMITH, *contra*.

MCCLELLAN, J.—By section 2 of an act "for the protection of life and property upon the Bay Shell Road," approved February 17, 1885, it is provided, "that it shall be unlawful for any person to allow any loose animal belonging to them to run at large upon said Bay Shell Road, and any animal found running at large on said road may be, by any officer or employee of said Bay Shell Road Company, taken up and estrayed in the manner as is provided by Article I, Chapter 7, Title 13, Part 1 of the Code of Alabama."—Acts 1884-5, pp. 392-3.

To an action of trespass brought against the Bay Shell Road Company by John O'Donnell, for impounding cattle belonging to him and found running at large on the road, the company, in addition to the general issue, pleaded this statute. The special plea was demurred to, on the ground of the alleged unconstitutionality of the act; the demurrers were sustained, and a trial was had on the general issue, resulting in a judgment for the plaintiff, from which this appeal is prosecuted.

It may admit of doubt, whether the statute is unconstitutional for either of the reasons assigned in the demurrers; but, if the act is bad on any ground, or as being violative of any provision of the constitution, the action of the court, in sustaining the demurrers interposed on the grounds stated, would bear a striking analogy to the ascription of a wrong reason for a correct decision, in which case the decision would be upheld; and in any aspect, if error at all, would be without injury to the defendant company, as it could never justify under the void law.

That the provision of this statute, under which justification was attempted, is void, we entertain no doubt. Section 2 of Article IV, Constitution of 1875, provides that "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length." By the act we are considering, the estray. law of this State is amended so as to embrace the Bay Shell Road, in addition to residences and, plantations; its provisions are extended to said road, and the rights and powers which it gives to owners of residences and plantations are conferred upon the Bay Shell Road Company; and all this is attempted to be done by even less than a reference to its title, and without any pretense of re-enacting the law, all of the provisions of which, are thus amended, extended and conferred, or of publishing it at length. The purpose of this constitutional requirement was, to have each bill considered by the General Assembly in and of itself present the full scope, operation and effect of the proposed law, so that members might know and intelligently consider the details of every measure, and vote neither *aye* or *nay* "in blind ignorance of its provisions, or even in trusting confidence to the representations of others."

It would be difficult to conceive a more effective method of defeating this important and salutary purpose, than that adopted in this statute, by which the legislature attempted to amend, extend and confer all the provisions of an intricate and important statute, by a general reference to the subject-matter of that law, and to the book and page where it is published at length. So much of the · act, therefore, as attempts to give the right to "estray" animals found running at large on the Bay Shell Road, is unconstitutional and void.—*Stewart v. Commissioners of Hale County*, 82 Ala. 209.

It is not necessary for us to decide, in this case, whether the whole of section 2 of the act is violative of the organic law; and we express no opinion on that subject.

The bill of exceptions does not purport to set out all the evidence; and in support of the ruling of the court in allowing the plaintiff to testify about loss of time in making a trip to the city, it will be presumed that this trip to the city was necessitated by the wrongful act of the defendant, in such sort that the loss of time in making it was an element of the damages which he was entitled to recover.

[Walden v. Speigner.]

The facts about the taking of the cattle were undisputed. This taking, we have seen, was wrongful. The charge directing the jury to return a verdict for plaintiff's actual damages was free from error.

The judgment is affirmed.