# CASES

IN THE

# SUPREME COURT OF ALABAMA,

NOVEMBER TERM, 1893.

## Stewart *v.* The State.

*Indictment for Burglary.*

100   1
101  534

1. *Constitutional law; revival of statute.*—The act of February 18, 1893 (Acts 1892-93, p. 706), providing that grand and petit juries in the county of Wilcox shall be drawn and organized as provided by Code, Pt. 5 Tit. 3, C. 4, Arts. 1, 2, is unconstitutional as it attempts to revive a law without re-enacting and publishing it as required by Constitution. Art. 4, § 2.

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The juries for the week of the term of the court when defendant was tried were summoned and organized pursuant to an act approved February 18, 1893, which is as follows: Section 1. Be it enacted by the General Assembly of Alabama, That the grand and petit juries in the county of Wilcox shall be drawn and organized as provided by articles 1 and 2 of chapter 4, title 3, part 5 of the Code, of Alabama. Provided, that the provisions of this act shall only apply to the county of Wilcox. Sec. 2. Be it further enacted, That all laws or parts of laws in conflict with the provisions of this act be and the same are hereby repealed." Approved February 18, 1893. On motion of the solicitor, the venire drawn and summoned pursuant to said act was quashed by the court on the ground that said act is unconstitutional and that the officers by whom said juries were drawn, pursuant to said act, had no power to draw the same. The court thereupon ordered the sheriff of said county to summon instanter 30 persons possessing the qualifications required by law for petit jurors to serve for the second week of the court. This being done by the sheriff the juries for the

1

second week of the court were taken from the persons so summoned. The defendant being arraigned for trial before one of the juries sworn and organized pursuant to such order of the court, and the State and the defendant having both announced ready, the defendant objected to being tried before said jury and moved the court to quash the panel on the grounds : First, that the said jury had not been selected, drawn, and empanelled as required by law; second, because the probate judge, sheriff and clerk of said county of Wilcox had. drawn petit jurors for the second week of the term (which was the week the defendant was being tried). Upon the hearing of this motion it was shown to the court that the probate judge, sheriff and clerk of the Circuit Court of said county had drawn petit juries for the second week of court pursuant to said special act, and that the juries so drawn were organized as regular juries for that week, when the venire was quashed as above shown. The court denied the motion of defendant to quash the panel; he was tried before said jury and convicted on his plea of guilty.

R. GAILLARD, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

*Per Curiam.*—The act "To provide for the drawing and organization of grand and petit juries in the county of Wilcox," approved Febrvary 18, 1893,—Sess. Acts, 1892-93, p. 706—is unquestionably unconstitutional. It was an attempt to revive a law without re-enacting and publishing it at length, as required by Article 4, Section 2, of the Constitution of the State of Alabama. As an attempt at legislation it was a failure. There was nothing in the objection of defendant, and it was rightly overruled.
Affirmed.