# Miller, Judge &c. v. Berry.

101   531
108   355

### *Application for Mandamus.*

1.   *Unconstitutionality of act extending operation of former act.*—The act approved February 9, 1893, entitled "An act to declare inopera-

tive an act entitled 'An act to change the boundary line between the counties of Talladega and Clay in this State,' approved January 10, 1877, and to provide for the location of the line between said counties," is violative of so much of section 2, Article IV of the Constitution as provides that no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only.

APPEAL from the City Court of Talladega.
Heard before the Hon. JOHN W. BISHOP.

The proceedings in this case were had upon a petition for *mandamus* addressed to the judge of the city court of Talladega county; and prayed that a peremptory writ of *mandamus* be issued to Hon. G. K. Miller, judge of probate of Talladega county, Alabama, to compel him to receive and file as an office paper, and to transmit to the Auditor of the State of Alabama, together with his certificate, that he believes the statements therein were entitled to credit, if he does so believe, the petitioner's application for the benefits conferred under the act of the General Assembly, entitled, "An act for the relief of needy Confederate soldiers and sailors, residents of Alabama, who, from wounds or other cause, are now unable to earn a livelihood, and for the widows of such as were killed or died in said war, and have not since re-married," and approved February 13, 1891. (Acts 1890-91, p. 624.) The allegations of the petition set forth that petitioner, Ann Berry, was the wife of one John Berry, who was a soldier in the service of the Confederacy, and who died during the war, while in such service, from disease contracted in said service; that she had never re-married; that she was a resident citizen of Talladega county, Alabama; that her taxable property does not exceed $400 in value, and she is now physically unable to make a livelihood by labor, and that she holds no office, and that her gross income does not exceed $400 *per annum*. It was further made to appear in said petition that she had filed her application with G. K. Miller, as judge of probate of Talladega county, which was duly sworn to before him, by which she asked for the benefit of the act of the General Assembly, approved February 13, 1891, the title of which is copied above; that said G. K. Miller, as judge of probate of Talladega county had refused to file her said application as an office paper, and to transmit a copy of the same to the Auditor of the

State of Alabama with the statement that he believed the said certificate entitled to credit; that this refusal was solely upon the grounds that the said petitioner did not reside in Talladega county, but that, under the provisions of the act of the General Assembly of Alabama, entitled "An act to declare inoperative an act entitled 'an act to change the boundary lines between the counties of Talladega and Clay in this State,' approved January 10, 1877, and to provide for the location of the lines between said counties," approved February 9, 1893 (Acts 1892-93, p. 343), the petitioner was a resident of Clay county. It was also alleged in said petition, that the petitioner resided in section 4, township 20, range 6 East, in the Coosa Land District. In answer to the rule *nisi*, which was issued upon the filing of the petition, the respondent admitted that the petitioner was, in all respects, entitled to the benefits of the act for the relief of the Confederate soldiers and sailors, residents of Alabama, &c., (Acts 1890–91, p. 624), but it was denied that she was a resident of Talladega county, it being set up in said answer, that she had become a resident of Clay county under the provisions of the act of February 9, 1893 (Acts 1892–93, p. 343).

The cause was heard upon the pleadings, and upon an agreed statement of facts, in which the facts alleged in the petition were agreed to be substantially true in all respects, except that the petitioner was a resident of Talladega county; but it was admitted that the section on which the petitioner dwelt in the Coosa Land District was in Talladega county, unless said section was merged into Clay county under the act of the General Assembly of Alabama, approved February 9, 1893, above referred to.

The court, in its judgment, decreed that the act of the General Assembly approved February 9, 1893, was unconstitutional, as violative of section 2, article IV of the Constitution, and ordered that the peremptory writ of *mandamus* be issued to G. K. Miller, judge of probate of Talladega county, in accordance with the prayer of the petitioner. This judgment is appealed from, and the same is assigned as error.

G. K. MILLER, for appellant.

C. C. WHITSON and KNOX & BOWIE, *contra*, cited

*Rogers v. Torbut*, 58 Ala. 523; *Stewart v. County Commissioners*, 82 Ala. 209, 2 So. Rep. 270; *Judson v. City of Bessemer*, 87 Ala. 240, 6 So. Rep. 267; *Bay Shell Road Co. v. O'Donnell*, 87 Ala. 378, 6 So. Rep. 119; *Maxwell v. State*, 89 Ala. 150, 7 So. Rep. 824.

HEAD, J.—The act entitled "An act to declare inoperative an act entitled 'an act to change the boundary lines between the counties of Talladega and Clay in this State,' approved January 10, 1877, and to provide for the location of the lines between said counties," approved February 9, 1893 (Pamp. Acts 1892–93, p. 343) is violative of so much of section 2 of Art. IV of the Constitution as provides that no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length.—*Rogers v. Torbut*, 58 Ala. 523; *Stewart v. Commissioners*, 82 Ala. 209, 2 So. Rep. 270; *Judson v. City of Bessemer*, 87 Ala. 240, 6 So. Rep. 267; *Bay Shell Road v. O'Donnell*, 87 Ala. 378, 6 So. Rep. 119; *Stewart v. State*, 100 Ala. 1, 13 So. Rep. 943. The act is of such character that no part of it can stand and be administered without the rest.

There was no error, therefore, in the ruling of the circuit court, and its judgment is affirmed.