# Birmingham Union Railway Co. v. Elyton Land Co.

*Proceedings to condemn Right of Way for Street Railroad.*

1. *Statute giving railroad company power to condemn right of way; extension of Code provisions by reference to title only; constitutional law.* The act approved December 10, 1886, (Acts, 1886-87, p. 122), providing that street railroad companies may condemn rights of way and take possession thereof on paying a just compensation, "in the same manner as now provided by law for taking private property for railroad and other public uses in article II, chapter 17, title 2, part 3 of the Code," does not violate article IV, section 2, of the constitution, which ordains that "no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length;" the extension or conferring of said Code provisions by the statute not coming within the meaning of the constitutional provision, which applies only to amendments, which, without the presence of the original act, are unintelligible.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was a proceeding of *ad quod damnum*, begun in the probate court by the appellant, the Birmingham Union Railway Company, seeking to condemn certain lands owned by the Elyton Land Company, the appellee, to its use, for the construction of a street railroad. The petitioner was a street railroad company, organized under the general laws of this State. From a judgment in the probate court, appeal was taken to the circuit court. It was averred in the petition that the petitioner, for the purpose of constructing, operating, maintaining and using a street railroad from certain termini, desired to condemn a right of way for said street railway over portions of certain streets; the definite and particular description of the desired right of way being specified. In the circuit court, the appellee demurred to the petition; the principal grounds of demurrer being that the petitioner was a street railway company, and had no power or authority to condemn lands or an easement therein for its use. This demurrer was sustained by the court, and the petitioner declining to plead further, his petition was dismissed. From this judgment the petitioner appeals, and assigns as error the sustaining of the demurrers to the petition, and the judgment dismissing the same.

WALKER, PORTER & WALKER, for appellant.—Under the provisions of the act approved December 10, 1886, (Acts of 1886-87, p. 122), there was expressly conferred upon the appellant the power to condemn the right of way sought to be acquired in this proceeding.

The circuit court held that the appellant, a street railway corporation organized under the general laws of the State, had no power to construct a street railway over streets that had been dedicated to public use, outside the corporate limits of the city of Birmingham, although such streets were within said city; and therefore appellant had no power to condemn to its use the right of way it sought to acquire. We admit that while statutes delegating the right of eminent domain to a private corporation for public use are to be strictly construed, we insist that they are not to be construed so strictly as to defeat the evident purposes of the legislature. It has been said

by the New York Court of Appeals that "statutes granting these powers are not to be construed so literally, or so strictly, as to defeat the evident purposes of the legislature. They are to receive a reasonably strict and guarded construction, and the powers granted will extend no further than expressly stated, or than is necessary to accomplish the general scope and purpose of the grant."—*In re N. Y. & H. R. R. R. Co. v. Kip et al.*, 46 N. Y. 551, 552.

ALEX T. LONDON, *contra.*—1. The probate court had exclusive, original jurisdiction over the proceeding. Code of 1886, § 3207, chapter 15, Art. II. By the appeal nothing but the judgment of the court below could be presented to the circuit court. Only the land *sub judice* under the original petition was before the circuit court.—*Francis-Chenowerth Hardware Co. v. Bailey*, 104 Ala. 236.

Appellant had no authority to condemn a right of way. The articles of incorporation under which appellant was organized were filed in the office of the Secretary of State on the 24th day of February, 1887. So we must look to the general laws then in force to determine what its rights and powers are. The statutes under which the declaration is filed constitute the charter of a corporation organized under general laws, and not the declaration or certificate of incorporation.—*Kamper v. Grangers L. & H. Ins. Co.*, 73 Ala. 325. And the laws in force when the petition is filed must be resorted to in order to ascertain what its rights were.—*Knox v. Chilersburg Land Co.*, 86 Ala. 180.

3. The right of condemnation, if any existed, must be found in the act of December 10, 1886, (Acts, 1886-87, p. 122), and the act of February, 1889, amendatory thereof, (Acts 1888-89, p. 62). In respect to this last act, it refers to title 3 of the Code. There is no such title in the Code. The first act is open to the objection that the title does not express the object; and further, that there is an attempt to extend the provisions of the Code simply by referring to its provisions. The provision is, that they shall have the right to condemn "in the same manner as now provided by law for taking private property for railroad and other public uses, in Article II, chapter 17, title 2, part 3 of the Code." This is clearly a violation

of the constitutional provision that no law shall be re-
vised or amended, or the provisions thereof extended or
conferred by reference to its title only.—*Bay Shell Road
Co. v. O'Donnell*, 87 Ala. 376; *Barnhill v. Teague*, 96 Ala.
207.

McCLELLAN, J.—Counsel for appellant, in the brief
filed on this application, call our attention to the fact
that in one brief originally filed in the cause they in-
sisted that the act of December 10th, 1886, conferred
upon street railways the power of eminent domain which
is sought to be exercised in this case. The only brief for
appellant found in the record when the case was consid-
ered, however, made no reference to said act, and we
decided the case on the Code provisions and the act of
February 26th, 1887, to which alone that brief called our
attention. As the case is now presented by the brief—
and as it was presented by the original brief, which was
lost—we will reconsider it, taking into account the act
of December 10th, 1886.

It is not controverted that that act in terms confers
power upon street railway companies to condemn rights
of way under sections 3207 *et seq.* of the Code. Its
language is: "Street railroad companies organized and
incorporated under the laws of Alabama, may acquire
by gift, purchase or condemnation, real estate in this
State, for the right of way of street railroads, a strip,
tract or parcel of land, not exceeding thirty feet in width,
for the right of way for said street railroads, and said
street railroad companies shall have the right to condemn
and take possession of said land, on payment to the
owner thereof, a just compensation, in the same man-
ner as now provided by law for taking private property
for railroads and other public uses, in Article II, chapter
17, title 2, part 3 of the Code."—Acts of 1886-87, p. 122.

It is insisted, however, that this statute is violative of
section 2, Article IV of the constitution, which ordains
that "No law shall be revived, amended, or the pro-
visions thereof extended or conferred, by reference to its
title only; but so much thereof as is revived, amended,
extended or conferred, shall be re-enacted and published
at length," and therefore void. For the reasons given
by the writer in the case of *Bay Shell Road v. O'Donnell*,
87 Ala. 376, in consonance, it seemed to him, with the

principles declared in the earlier case of *Stewart v. Commissioners of Hale County*, 82 Ala. 209, he is of opinion that the statute set out above is open to the constitutional objection made to it, and is wholly invalid, being an attempt to extend the provisions of the Code as to *ad quod damnum* proceedings to street railroad companies by a mere reference, or rather a mere attempt to refer—for the reference is inaccurate—to the article, chapter, &c., of the Code in which those provisions are contained. But my associates entertain a different view, holding this is not such an extension or conferring of such provisions as comes within the meaning of the constitution, and basing this conclusion upon the authority and reasoning of the case of *State v. Rogers*, 107 Ala. 444.

The circuit court must, therefore, be held to have erred in sustaining the demurrer to appellant's petition and dismissing the same.

Reversed and remanded.