# Hooton *v.* Mellon *et al.*

*Petition for Mandamus.*

1. *Constitutional law; act repealing the county court of Clay county unconstitutional.*—The act approved September 18th, 1903, the purpose of which was to repeal an act establishing the county court of Clay county of law and equity jurisprudence, and several other acts relating to said county court (Local Acts 1903, p. 255), is unconstitutional and void, for the reason that the notice of intention to apply for the passage of such repealing act did not state the substance of the bill which was introduced and purported to be passed by the Legislature.

APPEAL from the Circuit Court of Clay.

Heard before the Hon. JOHN PELHAM.

The proceedings in this case were had upon a petition filed by the appellant, J. W. Hooten, addressed to the judge of the circuit court of Clay county, praying that a writ of *mandamus* be issued to R. W. Mellon, as clerk of the county court of Clay county, commanding him to file the summons and complaint in said county court.

The facts disclosed were as follows: By an act of the legislature of 1903, entitled "An act to repeal an act entitled 'An act to establish a county court for the county of Clay,' approved December 13, 1898, and all subsequent ánd amendatory acts relating to *said court,* and to transfer all the civil cases at law and criminal cases therein pending, together with all the dockets, papers and books relating to said cases in said county court of Clay to the circuit court of Clay county, Alabama, and to transfer all the cases now pending upon the equity side of the dockets of said court, together with all the dockets, papers and books of every kind whatsoever, to the court of chancery of the county of Clay,"—said above county court of Clay, of which R. W. Mellon was clerk, was sought to be repealed.—Acts of 1903, p. 255.

The notice published of the introduction in the legislature of said act of repeal was as follows:

### "Notice."

"Notice is hereby given that a bill will be introduced in the present legislature of Alabama to repeal a certain act, "To establish a county court for the county of Clay," approved December 13, 1898, and to provide for the transfer of all cases pending in said county court of Clay at the time of its repeal to another court of competent jurisdiction.

Also to repeal an act "To amend sections eleven and eighteen of an act entitled an act to establish a county court for the county of Clay, approved December 13th, 1898, and to add sections $33\frac{1}{2}$ thereto," approved March 2, 1901.

Also to repeal an act "To abolish the county court of Clay county organized under the general statutes of Alabama, and to confer the power and jurisdiction of said abolished court upon the county court of Clay county recently established by this legislature for said county of Clay, and to provide for the transfer of all cases pending in said abolished court to the new court so established," approved February 1, 1899.

Also, to repeal an act "To further regulate the practice and procedure of the circuit court of Clay county," approved December 13, 1898."

Sections 1, 2, 3, 4 of the repealing act respectively attempts to repeal said four acts, the titles to which are enumerated in the foregoing notice.

The remaining sections of the said repealing act seek not only to transfer cases pending in the repealed court to the circuit and chancery courts respectively, but also vest authority in the clerk of the circuit court and registry in chancery respectively, as to the collection of all accrued costs and to do and to perform all acts and discharge all duties in regard to said records, dockets, papers, transferred from the county court attempted to be repealed.

After the passage of said repealing act, J. W. Hooten as plaintiff, sought to file in said county court with the clerk thereof, the case of J. W. Hooten, Plaintiff v. Hill, Defendant. Upon said R. W. Mellon refusing to file said cause in said county court, the petition in the present case was filed by J. W. Hooten, the plaintiff in said cause, asking for a writ of *mandamus.* Upon the hearing the judge of the circuit court refused to issue the writ of *mandamus* prayed for. From this judgment, refusing to issue said writ, the present appeal is prosecuted, and the rendition thereof is assigned as error.

KNOX, DIXON & BURR, BROWNE, McELDERRY & HARRISON and E. J. GARRISON, for appellant.—The repealing act is a local law, and the notice of the intention to apply therefore should be given, and this notice should state the substance of the proposed law.—Constitution 1901, § 106. The notice as given in this case did not comply with this statutory provision.—*Lancaster v. Gafford,* 139 Ala. 372; *Wallace v. Board of Revenue,* 37 So. Rep. 323.

C. C. WHITSON, *contra.*—The affidavit and proof of notice in this case shows that the notice of the introduction of the repealing act appeared once a week for four consecutive weeks in a newspaper published at Ashland, in Clay county, Alabama.

[Hooton v. Mellon *et al.*]

Everything that the Constitution required to give validity to this act was complied with.—*Kumpe v. Irwin.* 36 So. Rep. 1024; *State ex rel Crow v. Crook,* 123 Ala. 657.

McCLELLAN, C. J.—We are of opinion that the act of September 18, 1903, the purpose of which was to repeal an act establishing a county court in Clay county of law and equity jurisdiction, and several other acts relating to said county court, was not constitutionally enacted for that the notice of intention to apply therefor did not state the substance of the bill which was introduced and nominally passed by the legislature. Some of the judges are of opinnon that the statement in the notice of the purpose to provide in said act for the transfer of cases pending in said county court "to another court of competent jurisdiction" did not cover the provisions in the act whereby equity cases are transferred to *another* court, viz: the chancery court, and cases at law therein pending are transferred to yet another court, the circuit court of the county. A majority of the court, however, do not concur in this view, but do concur in the proposition that such notice does not cover that provision in the act whereby in effect *jurisdiction* is conferred on the circuit court to try misdemeanors on information in the first instance, and such cases pending in said county court are transferred—not to a court of existing competent jurisdiction—but to the circuit court. These considerations lead to the conclusion that the county court of Clay as established by the act of December 13, 1898, is still in existence, and that petitioner Hooten is entitled to the writ of *mandamus* prayed to compel Mellon, the clerk of said court, to file the complaint which he tendered, to issue summons thereon, etc., etc. The judgment of the circuit court denying *mandamus* must therefore be reversed. The cause will be remanded.

Reversed and remanded.

HARALSON, TYSON, ANDERSON and DENSON, J.J., concurring.

DOWDELL and SIMPSON, J.J., dissenting.