[Norvell v. State, *ex rel.* Brotherton.]

# Norvell *v.* State, *ex rel.* Brotherton.

## *Quo Warranto Proceedings.*

1. *Constitutional law; act repealing act establishing Walker County Law and Equity Court unconstitutional.*—A notice, duly and regularly published, "That application will be made to the next Legislature to repeal the act creating the Walker County Law and Equity Court," does not sufficiently set forth the substance of the act, approved March 6, 1903, in purporting to repeal the act establishing the said Walker County Law and Equity Court, in that it gives no notice of the provisions contained in section 3 of the repealing act requiring that "All cases pending upon the non-jury docket shall be tried by the Judge of the Circuit Court, without a jury."

APPEAL from the Circuit Court of Walker.

Heard before the Hon. A. A. COLEMAN.

This proceding was in the nature of *quo warranto,* and was instituted by the information of the State of Alabama on the relation of C. B. Brotherton, addressed to the judge of the circuit court of Walker county, in which it was averred that the respondent, Peyton Norvell, was usurping and unlawfully holding and exercising the office of judge of the Walker county Law and Equity Court. That said court was established by an act of the legislature, approved on the 5th day of December, 1900; and that, shortly after the passage of said act, the said Peyton Norvell was appointed judge of said court. That, subsequently, said act was amended by an act of the legislature. That, at the general election of 1902, Peyton Norvell was elected judge of the Walker County Law and Equity Court, and duly qualified and entered upon the discharge of his duties as such judge, and continued to perform the duties of such judge until March 6, 1903. That on March 6, 1903, the legislature of Alabama passed, and the governor approved, an act to repeal the act establishing the Walker County Law and Equity Court; that notice of the inten-

36

[Norvell v. State, *ex rel.* Brotherton.]

tion to apply for the passage of said repealing act was given. That, by virtue of said act repealing the Walker County Law and Equity Court, the said Peyton Norvell was, at the time of the filing of the information, usurping and unlawfully holding and exercising the office of judge of said court. The prayer of said information was that judgment be rendered ousting and removing said Norvell from said office as judge of the Walker County Law and Equity Court; and that it be decreed that there was no such court. The acts of the legislature referred to in the information were made exhibits thereto.

The respondent demurred to the information upon many grounds, assigning, in various ways, that it appeared from said information that the Walker County Law and Equity Court was legally established and was existing as a court; that the respondent was shown by the information to be a lawfully elected and duly qualified judge thereof; and that the act of the legislature, approved March 6, 1903, purporting to repeal the Walker County Law and Equity Court was unconstitutional and void, because it was a local law and proper notice of the intention to apply therefor was not given. This demurrer was overruled; and, the respondent failing and declining to plead or answer further, there was rendered a judgment of ouster. The respondent appealed, and assigned as error the overruling of his demurrer to the information, and the rendition of the judgment of ouster.

W. C. DAVIS, ERNEST FITE and DANIEL COLLIER, for appellant.—The notice given, of the intention to introduce in the legislature an act to repeal the act establishing the Walker County Law and Equity Court, was insufficient.—*Hooten v. Mellon, Clerk, etc.,* in MS; *Perkins v. Corbin,* 45 Ala. 103; *Ex Parte Rountree,* 51 Ala. 42; *Ex Parte Amos,* 51 Ala. 57.

BANKHEAD & BANKHEAD, and J. J. RAY, *contra,* cited.—*Hooper v. State,* 109 Ala. 28; *Williams v. Board of Revenue,* 123 Ala. 432; *Ballentine v. Wickersham,* 75 Ala. 541; 27 Am. & Eng. Enc. of Law, p. 287.

DOWDELL, J.—This is a proceeding by information under the statute in the nature of a *quo warranto.* The respondent in the court below demurred to the petition, which demurrer upon consideration by the court was overruled, and, the respondent then failing and refusing to further plead, the court rendered a judgment of ouster in accordance with the prayer of the petition, and from this judgment the present appeal is taken.

By an act approved December 5th, 1900, (Acts 1900-01, page 107), the Walker County Law and Equity Court was created. Sections eight, nine, and twenty-six of this act were amended by an act approved February 15th, 1901.—(Acts 1900-01, page 1112.)

Prior to November, 1902, the appellant, Peyton Norvell, was under said act appointed judge of said court, and was subsequently elected judge for a term of six years, commencing November 3rd, 1902. On March 6th, 1903, an act "To repeal an Act entitled an Act to establish the Walker County Law and Equity Court, approved Dec. 5th 1900," was approved, (Local Acts 1903, page 101.)

The contention of the appellant is, that this latter act is void on constitutional grounds, in that, it being a local law, no sufficient notice was given of an intention to apply for its passage as required by section 106 of the Constitution. The notice which was given being as follows; "Notice is hereby given that application will be made to the next legislature to repeal the act creating the Walker County Law and Equity Court."

The act which was passed pursuant to this notice contained six sections. The first section in terms repealed the act of December 5th, which created the Walker County Law and Equity Court. By section two, all civil cases pending on the law side of said court are transferred to the circuit court of Walker county, and all civil cases pending on the equity side are transferred to the chancery court of Walker county. By section three it is provided that "All civil cases pending on the jury docket of said court shall be put upon the jury docket of the circuit court for trial, and all cases pending upon the non-jury docket shall be tried by the judge of the circuit court without a jury." Section four pro-

[Norvell v. State, *ex rel.* Brotherton.]

vides for the transfer of all criminal cases, pending in said court on indictment, to the circuit court. Section five provides for the transfer of all criminal cases, pending on warrant, to the county court. Section six provides for the signing of bills of exceptions in cases pending in the court "After the passage of this act."

The provision contained in section three, which requires that all civil cases pending on the non-jury docket in said court shall be tried by the judge of the circuit court without a jury, does more than to merely provide for a transfer of the pending business from the abolished court to another court of competent jurisdiction. It clearly undertakes to change and regulate the practice in the circuit court in reference to the class of cases mentioned. If the act in its body, after abolishing the Law and Equity Court, had provided for the transfer of the cases pending in the court to another court of competent jurisdiction, we are not prepared to say but that, under the principles stated in the cases of *Law v. State,* and *Dudley v. Fitzpatrick,* decided at the present term, such provision would have reasonably been covered by the notice given of an intention to apply for a repeal of the particular act, as an incident to the repeal fairly and reasonably to be inferred from the notice, and therefore, within the spirit of the requirement of section 106 of the Constitution. But a determination of this question is not necessary to the decision of this case. The provision in section three of the repealing act above mentioned brings the case under the influence of the case of *Hooten v. Mellon,* decided at the present term, wherein a majority of this Court held,—the writer, however, of this opinion dissenting from the view of the majority, —that a similar provision in a repealing act was of the substance of the law as nominally enacted, and, not having been stated in the notice of the proposed law, was violative of the Constitution. We are unable to draw any distinction in principle between the present case and that of *Hooten v. Mellon, supra,* and, following the decision in that case, the act in question of March 6th, 1903, must be declared void.

It is, however, contended by the relator in the information, that the act of December 5th, 1900, establishing the

[Norvell v. State, *ex rel.* Brotherton.]

Walker County Law and Equity Court is unconstitutional and void, and that the judgment of ouster appealed from should be affirmed. The law of December 5th, 1900, was enacted before the adoption of the present Constitution, and its passage was governed by the Constitution of 1875. The requirement as to giving notice and making proof, etc., under the new Constitution is entirely different from what it was under the old. There is no merit, we think, in the contention in argument that the same rule of construction should be made under the old Constitution as under the new, in the matter of giving notice of the proposed law, where substantive law, not stated in the notice, is contained in the law as enacted. It has been uniformly ruled under the old Constitution, that where nothing affirmatively appeared to the contrary on the journals of the legislature in the passage of the local law, the presumption was that the constitutional requirements as to notice were complied with. There is nothing here to show what the notice was in the enactment of the law of December 5th, 1900, and the presumption is that the then constitutional provision, as to the giving of notice, was in the enactment of that statute duly observed.

Counsel for appellee in argument say, "There is another provision in the original act, (that is, the act of Dec. 5th, 1900) which is clearly unconstitutional. Section 7 abolished the county court and vested original jurisdiction of all misdemeanors in the Law and Equity Court. There was no intimation of this legislation."

Section 7 of said act provides as follows: "That the court hereby created shall have the exclusive jurisdiction of all cases now triable by the county court of Walker county, and that the county court of Walker county as now constituted, be and the same is hereby abolished," etc. There can be no doubt, it seems to us, that the conferring of exclusive jurisdiction, on the court created by the act, of all cases theretofore triable in the county court of Walker county, was a matter germane to the subject expressed in the title of the act, "To establish the Walker County Law and Equity Court." The provision abolishing the county court was nothing more in effect, than what had already been done by taking away

all jurisdiction of that court and conferring the same on the Law and Equity Court created by the act. Moreover, if the provision abolishing the county court could be said to be a matter not referable to or embraced in the subject expressed in the title of the act, and for that reason offensive to the Constitution, still, under the well settled rules of construction, the objectional part would be eliminated, and the rest be allowed to stand, when, as in the present case, the remaining parts would constitute a complete enactment within the subject expressed in the title.

We do not understand counsel for appellee as denying this rule of construction as heretofore applied under the Constitution, but the contention is that the same rule as now applied in the matter of giving of notice should apply to the provisions of the Constitution which require that each law shall contain but one subject, which must be clearly expressed in the title. This contention is unsound. The two provisions are different, and the purposes of the two are different.

It follows from the views we have expressed that the judgment of the lower court overruling the demurrer to the petition and ousting the respondent be reversed and annulled, and a judgment will be here rendered sustaining the said demurrer and dismissing the petition.

Reversed and rendered.

McClellan, C. J., Haralson, Tyson, Simpson, Anderson and Denson, J.J., concurring.