(87 South. 99)

**LEONARD v. LYONS.** (7 Div. 96.)

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Oct. 28, 1920.)

1. **Statutes** ⬦8½(2)—**Notice of intention to apply for passage of local act complied with Constitution.**

Notice of intention to apply for passage of Loc. Acts 1919, p. 115, amending sections 2 and 3 of Local Acts 1911, p. 154, establishing a board of revenue for Shelby county, and abolishing the court of county commissioners thereof, *held* a sufficient compliance with Const. § 106; the fact that the notice purported to make the commissioners of the county elective not rendering it insufficient because the act makes some of the members elective from districts instead of the county at large.

2. **Statutes** ⬦141(1), 170—**Act not violative of Constitution by attempting amendment or revivor without setting out statute affected.**

Local Acts 1919, p. 115, amending Local Acts 1911, p. 154, §§ 2, 3, establishing a board

of revenue for Shelby county, and abolishing the court of county commissioners thereof, *held* not violative of Const. § 45, by attempting to amend or revive Acts 1890–91, p. 354, without setting out so much thereof as was revived or amended.

Thomas, J., dissenting.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Petition by J. M. Lyons for mandamus to J. M. Leonard, Jr., as Chairman of the Democratic Executive Committee, for mandamus to compel him to certify petitioner's name to the proper authorities as the nominee of the Democratic party for commissioner in district No. 1. From decree awarding the writ respondent appeals. Affirmed.

J. J. Mayfield, of Montgomery, and Acuff & Luck, of Columbiana, for appellant.

The title and subject of the act is misleading, and not clearly expressed in the title. Section 45, Const. 1901; 117 Ala. 485, 23 South. 71; 160 Ala. 114, 49 South. 809; 120 Ala. 156, 24 South. 176, 42 L. R. A. 783; Cooley, Const. Lim. 172; 40 Ala. 98; 75 Ala. 533. The act also violates the latter part of section 45. 177 Ala. 159, 58 South. 984; 187 Ala. 652, 65 South. 1028; 87 Ala. 376, 6 South. 119; 82 Ala. 209, 2 South. 270; 100 Ala. 1, 13 South. 943; 101 Ala. 531, 14 South. 655. The act is further unconstitutional in that it violates the provisions of section 175 of the Constitution. 173 Ala. 453, 56 South. 211; 196 Ala. 486, 71 South. 709; 118 Ala. 154, 24 South. 251; 170 Ala. 165, 54 South. 283; 197 Ala. 140, 72 South. 410. The act is also violative of section 106 of the Constitution. 140 Ala. 491, 37 South. 321; 38 South. 1031; 142 Ala. 248, 37 South. 937; 144 Ala. 515, 39 South. 224.

J. L. Peters, of Columbiana, for appellee.

Mandamus is the proper remedy. 133 Ala. 212, 32 South. 643. The act is not unconstitutional, 142 Ala. 245, 37 South. 937; 143 Ala. 561, 39 South. 357; 144 Ala. 1, 40 South. 133; 144 Ala. 98, 40 South. 572; 144 Ala. 505, 39 South. 383; 142 Ala. 62, 38 South. 798; 142 Ala. 98, 38 South. 679.

PER CURIAM. [1] The majority of the court, composed of ANDERSON, C. J., McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., are of the opinion that the notice of the intention to apply for the passage of the act was a sufficient compliance with section 106 of the Constitution. The fact that it purported to make the commissioners of the county elective did not render the same insufficient, because the act makes some of the members elective from districts instead of from the county at large.

[2] Nor do we think that the act violates section 45 of the Constitution by attempting to amend or revive the act of 1891 without setting out so much thereof as is revived or amended. It does not purport to amend or revise the act of 1891, and the mere fact that it refers to certain districts which had been established under the authority of the act of 1891 does not constitute an amendment or revision of same, and is a mere reference to the established districts under the act as it existed. This question is fully treated in State v. Rogers, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520, and repetition of the argument there made is unnecessary. Cobb v. Vary, 120 Ala. 263, 24 South. 442; Hasty v. Marengo County, ante, p. 229, 86 South. 37 (present term).

The judgment of the trial court in awarding the mandamus is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., concur.

THOMAS, J. (dissenting). This is a proceeding by mandamus seeking to compel the chairman of the Democratic executive committee of Shelby county to certify the name of petitioner to the probate judge of said county as the nominee to the office of board of revenue from district No. 1. The respondent made answer, the substance of which was that an act of the Legislature of 1919 (Local Acts, pp. 115, 116) is unconstitutional and void because of its provisions regarding the districts of the county, and that the same is a local act of which no sufficient notice was published as required by section 106 of the Constitution. Demurrer to the answer was overruled, and the relief prayed was granted.

No question is made as to relator's having pursued the proper remedy by mandamus. It was the appropriate way, petitioner sought, after nomination by his party, to have his name certified as such nominee to the proper official so as to have it placed on the ballot at the coming election. Dunn v. Dean, 196 Ala. 486, 71 South. 709. It has been decided by this court that the writ will be awarded to correct an erroneous ruling of a court where injury results and there exists no right of appeal or other adequate means of redress. Ex parte Jones, 133 Ala. 212, 32 South. 643; Ex parte Woodruff, 123 Ala. 99, 26 South. 509; Wilson v. Duncan, 114 Ala. 659, 21 South. 1017; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 South. 836; Ex parte Hayes, 92 Ala. 120, 9 South. 156.

Is the title of the act of September 10, 1919, misleading as to its subject? Const. § 45; Patton v. State, 160 Ala. 111, 114, 49 South. 809; L. & N. R. R. Co. v. Grant, 153 Ala. 112, 117, 45 South. 226; Ballentyne v. Wickersham, 75 Ala. 533; Ex parte Pollard and Ex parte Woods, 40 Ala. 77, 98; Cooley's Const. Lim. (7th Ed.) p. 212. The Consti-

tution exacts of the Legislature an announcement in the title of the subject, "but does not dictate any degree of particularity. This is a matter left to legislative discretion. * * * The object of the constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title. The evil contemplated was not the generality and comprehensiveness of titles. These faults do not tend * * * to deceive." Ex parte Pollard and Ex parte Woods, supra. In Ballentyne v. Wickersham, supra, Judge Stone declared that—

"This court has committed itself in favor of the following propositions, which are in harmony with the rulings elsewhere in the best-considered cases: That the clause is mandatory. That its requirements are not to be exactingly enforced, or in such manner as to cripple legislation. That the title of a bill may be very general, and need not specify every clause in the statute. Sufficient if they are all referable, and cognate to the subject expressed. And when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it."

In Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 172, 24 South. 171, 176 (42 L. R. A. 783), the threefold purposes of the constitutional requirements stated by Judge Cooley are said to be:

"First, to prevent 'hodgepodge' or 'logrolling' legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire."

The title of the act in question (Local Acts 1919, p. 115) is:

"To amend sections 2 and 3 of an act entitled 'An act to establish a board of revenue for Shelby county, and to abolish the court of county commissioners thereof,' passed at the session of 1911, being in local acts of Alabama, page 154, said amendment making the president and members of said board elective by the qualified voters of said county, and fixing the term of office of said president and members of said board and the time of their election and providing that in case of a vacancy in the office of president or a member of said board, and providing further that the president and members of the board now holding office shall hold their said office until their successors are elected and qualified under the provisions of this act."

The body of the act under review was:
(1) That section 2 of said act (Local Acts 1911, p. 154) be amended so as to read as follows:

"2. The president of said board shall be elected as hereinafter provided by the qualified electors of said county, and one member shall be elected by the qualified voters of each of the four districts of the county as now constituted, by virtue of the authority granted in Acts of the Legislature 1890–91, § 1, p. 354."

By section 2 of the act of 1911 "to establish a board of revenue for Shelby county, and to abolish the court of county commissioners thereof," the president and members of this board of revenue were required to be "appointed by the Governor" for the term of four years, and in case of "a vacancy in the office of a member of the board, that it shall be filled by appointment of the Governor, for the unexpired term."

(2) That section 3 of said act (local act of 1911) be amended so as to read as follows:

"The president and members of said board for districts 2 and 4 shall be elected at the general election 1920, and their term of office shall begin on the first Monday after the second Tuesday in January, 1921, and they shall hold office until first Monday after second Tuesday in January, 1923; thereafter the president and members for districts Nos. 2 and 4 shall be elected at the general election for said county in 1922, and every four years thereafter, and their term of office and that of their successors shall begin on the first Monday after the second Tuesday in January next after their election, and they shall hold office for four years and until their successors are elected and qualified. The members of said board for districts 1 and 3 shall be elected at the general election held for said county in the year 1920, and every four years thereafter, and their term of office and that of their successors shall begin on the first Monday after the second Tuesday in January next after their election, and they shall hold office for four years and until their successors are elected and qualified."

That section of the act of 1911 (section 3) so amended was:

"Within fifteen days after the approval of this act the president and two members of the board shall be appointed for a term of four years from the date of their appointment and till their successors are appointed and qualified, and in like manner their successors shall be appointed every four years thereafter for a term of four years, and two members of the board shall be appointed for a term of two years from the date of their appointment and till their successors are appointed and qualified, and in like manner their successors shall be appointed every four years thereafter for a term of four years."

It is apparent that when the Governor (within 15 days after the act of 1911 became a law without his approval, under section 125 of the Constitution) appointed a president and two members of the board for a term of four years from the dates of their

appointment and until their successors were appointed and qualified, and thereafter, in like manner, appointed their successors in office for a term of four years, and two members of the board were appointed for a term of two years, and until their successors were appointed and qualified, and thereafter, in like manner, appointed their successors in office for a term of four years, their terms of office were fixed (after expiration of the two-year term first provided) at four years, to expire at different times as to the two classes of members of that board for the districts indicated. That is to say, the respective terms of office of the two members appointed for the two-year period expired in 1913, and of their successors in office in 1917, and 1921, respectively; that of the two members first appointed for four years expired, respectively, in 1915, 1919, and 1923.

I am of the opinion that the title employed sufficiently embraced the subject of the act, and that the provisions for the election of a president of the board by the qualified voters of the county and one member thereof by the qualified voters of each of the four districts of the county were not incongruous with the title. That there was no provision in the act of 1919 for the filling of vacancies in the office of president or member of said board of revenue did not militate against the sufficiency of the title.

The effect of the act of 1911 (Local Acts, § 15, p. 157), original in form, was to abolish the court of county commissioners of Shelby county as constituted under the act of 1890–91 (page 354). Pertinent parts of the latter act were: Section 1, authorizing and requiring the commissioners' court of Russell and Shelby counties to lay off four commissioners' districts as nearly equal in population as might be practicable in each of said counties; sections 2 and 3, providing for the election of a commissioner from each district by the qualified voters of the whole county for a term indicated; and section 4, repealing all laws in conflict. This act of 1911 repealed the act districting Shelby county, and created a new governing board— "the board of revenue of Shelby county"— composed of four members and a president to be appointed by the Governor, for fixed terms, from the county without regard to districts. The act of 1919 was amendatory of the act of 1911, the latter being original in form. Ferguson v. Com. Court, Jackson Co., 187 Ala. 645, 653, 65 South. 1028. The act of February 4, 1891, likewise original in form, provided for a division, as have observed, of the two counties indicated into four commissioners' districts each and for the election of a commissioner for each district by the qualified voters of the whole county and not by the qualified voters of the respective districts. Without this territorial division of the county into four districts, the act of 1919 was without a field of operation, for the provisions of its first section are to the effect that the president of the board shall be elected by the qualified electors of the whole county, and one member shall be elected by the qualified voters of each of the four districts of the county "as now constituted, by virtue of the authority granted in acts of the Legislature 1890–91, § 1, p. 354."

The act of 1891, however, did not divide Shelby and Russell counties into four commissioners' districts, but only authorized and required the respective commissioners' courts to divide said counties into four districts with as nearly equal population as practicable. The declared effect of the act of 1911 was to abolish the court of county commissioners of Shelby county and to set up, by an original act, the board of revenue as the county's governing body, to be appointed by the Governor from the whole county. The effect of this was to abolish such districting of the county as may have been made, declared, or constituted by the commissioners' court pursuant to the provisions of the act of 1891. Cook v. Burke, 177 Ala. 155, 58 South. 984. By reference only in the amendatory act of 1911 (section 2) was the attempt made to revive the provision of the act of 1891 (section 1, p. 354) for a division of the county of Shelby into four districts, from each of which it was required that one member of the board be elected by the qualified electors thereof. The effect of such reference in the act of 1919 to the original act of 1891 was an attempt to revive, amend, or extend the provisions of the former act, for dividing Shelby county into four revenue districts, without re-enacting or publishing said provisions at length therein. Stewart v. Com'rs of Hale Co., 82 Ala. 209, 2 South. 270; Bay Shell Road Co. v. O'Donnell, 87 Ala. 376, 6 South. 119; State v. Lamar, 178 Ala. 77, 59 South. 473; Bolling v. Le Grand, 87 Ala. 482, 6 South. 332; Barnhill v. Teague, 96 Ala. 207, 11 South. 444; L. & N. R. R. Co. v. Peoples, etc., 101 Ala. 331, 13 South. 308; Miller v. Berry, 101 Ala. 531, 14 South. 655; B. U. R. Co. v. Elyton Land Co., 114 Ala. 70, 21 South. 314; City Council of Montgomery v. Birdsong, 126 Ala. 632, 28 South. 522; Stewart v. State, 100 Ala. 1, 13 South. 943; Stewart v. Com'rs of Hale, supra. Applying the well-settled rules of construction to the applicable provisions of section 45 of the Constitution, the Legislature could not know these material provisions of the act, the area or location of a revenue district in Shelby county by virtue of the provisions of the act of 1891, without knowledge as to whether said districts were created by a former commissioners' court of the county, or what territory was included therein. The act was offensive to section 45 of the Constitution.

Is the notice of intention to pass the local law under the requisites of section 106 et seq. of the Constitution sufficient, where the proposed bill is to change the mode of selecting the members of the county board of revenue from appointment by the Governor to an election by the qualified voters of the county, when the bill passed in pursuance of the notice provides for the election of only one of the members—its president—by the qualified electors of the county, and the others by the electors of only a part of the county, an unknown district? What good purpose would be served by a notice to the citizens of Shelby county of the intention to pass a proposed bill, if that which is introduced and passed is materially different from the one described in the notice? The citizens of the county might all be willing to have the power of selecting the members of the board of revenue transferred from that of the Governor to the qualified voters of the county, and yet the more opposed to having the commissioners selected from restricted districts and to be elected by the qualified voters of the respective districts than to have them appointed by the Governor. If so, the notice is not only insufficient, but to hold it to be sufficient would make it a delusion. Such notice would not prevent surprise or fraud, nor fairly apprise the people of the county of the real import of the bill, it would be offering the people something they desired through the notice, and thereby cause them to give up what they had; and, in the passage of the bill in question, give them something which they did not desire, would not have accepted, and for which they would not willingly have surrendered their former right to an appointive board of revenue. In this particular, as to the body of voters who should select the commissioners, the notice not only failed to state the substance of the bill introduced and passed, but stated an electorate radically different from that provided in the bill that was passed. Such a notice was not sufficient to authorize the passage of the bill. Wallace. v. Board of Rev. Jefferson Co., 140 Ala. 491, 504, 37 South. 321; Larkin v. Simmons, 155 Ala. 273, 277, 46 South. 451; Norvell v. State, 143 Ala. 561, 39 South. 357; Hooton v. Mellon, 142 Ala. 245, 37 South. 937. If the notice had been that the office was merely to be changed from an appointive to an elective one, it might have been sufficient, but when it states the electorate, or the body thereof that is to elect, and a different body or only a part of that body is provided, then the notice is insufficient. That the one drafting the bill and the Legislature which passed it recognized that there was a difference in electing by the voters of the county and by the voters of the several districts or precincts is indicated by the fact that it is provided therein (1) that the president of the board shall be elected by the voters of the county, but (2) that the members of the board shall be elected by the voters of the respective districts only. The notice put the president of the board and the members thereof in the same class, while the bill puts them in different classes.

It is not necessary to consider the act as it may have operated on the terms of office of the respective members of the board of revenue. See Const. § 175; Nolen v. State, 118 Ala. 154, 24 South. 251; Touart v. State, 173 Ala. 453, 56 South. 211; State v. Gunter, 170 Ala. 165, 54 South. 283; Williams v. Schwarz, 197 Ala. 40, 72 South. 330, Ann. Cas. 1918D, 869.

I am of opinion that demurrer to the answer should have been sustained and the petition dismissed, and that the order or decree of the court below is laid in error.