[Childers v. Shepherd.]


# Childers *v.* Shepherd.

## *Petition for Mandamus.*

1. *Constitutional law; act authorizing establishment of dispensaries in incorporated towns and cities in Walker County valid.*—The act approved March 3, 1903, authorizing the establishment of dispensaries in incorporated towns and cities in Walker County, upon its ratification by a popular vote (Acts of 1903, p. 137), is constitutional and valid.

2. *Constitutional law; sufficiency of affidavit accompanying notice of local law.*—An affidavit accompanying the notice given of the intention to introduce a local law as required by Section 106 of the Constitution, which is headed: "State of Alabama, Walker County," and then recites that before the officer certifying the affidavit there appeared a certain named person known "to be the editor and manager of the Mountain Eagle, a newspaper published at Jasper, in said County, who, being duly sworn, deposes and says that the attached notice was published once a week for four successive weeks in said newspaper before the making of this affidavit," is a sufficient affidavit and proof of notice.

3. *Same; what is sufficient spreading of notice and proof upon the Journal.*—The pasting on the Journal of the House of Representatives and Senate of a newspaper clipping which contained the publication in full of a local bill, together with a typewritten copy of the affidavit of the publisher of the newspaper in which it was printed, constitutes a spreading of notice and proof of the intention to introduce such local bill in the Legislature, upon the Journal of each House, in compliance with Section 106 of the Constitution.

4. *Same; same.*—Where it appears from the Journal of each House of the Legislature that there was a joint resolution on the last day of the session of the Legislature which authorized the spreading upon the Journal of each House of the proof by affidavit of the publication of all local bills passed by the Legislature at that session, and that at the end of all of the proceedings of the last day of the session, as set forth in the Journal, there was a spreading thereon of the notices and proof of notices of local bills, including the one in question,

followed by a recital of the final adjournment of the Legislature, certified by the presiding officer and attested by the secretary and clerk, there is shown a sufficient compliance with the provisions of Section 106 of the Constitution relating to such local bills.

5. *Constitutional law; act establishing dispensaries not invalid as granting exclusive privileges of selling intoxicating liquors by towns and cities in Walker County.*—The act of the Legislature authorizing all incorporated towns and cities in Walker County to establish and operate dispensaries, is not violative of Section 22 of the Constitution in that it grants to towns and cities of Walker County the exclusive privilege of selling intoxicating liquors.

6. *Same; validity of act authorizing establishment of dispensaries in towns and cities in Walker County.*—The act of the Legislature "Authorizing incorporated towns and cities in Walker County to establish and operate dispensaries," etc., is not unconstitutional and void, because it authorized the people of Walker County by their votes to ratify the provisions of said act repealing all existing laws on the subject of selling intoxicating liquors in said county which might be in conflict with said act.

7. *Constitutional law; Legislature may pass act to take effect upon some future event.*—The Legislature may pass a valid statute to take effect upon the happening of a future event, and such statute will not on that account be held unconstitutional.

8. *Same; same; local law.*—A valid local law may be passed by the Legislature to take effect by its ratification by the people of the county or district to be affected thereby.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. RAY.

S. J. Childers, a citizen of Walker county, filed his petition, addressed to the Hon. J. J. Ray, Judge of the 14th Judicial Circuit of Alabama, asking for the issuance of a writ of mandamus directed to the appellee, James W. Shepherd, as Judge of Probate of Walker County, commanding him to issue the petitioner a license as a retail liquor dealer in the town of Jasper in said county. It was averred in the petition, that the said petitioner had applied to the said James W. Shepherd, as Probate Judge of said county, for a license to retail spirituous, vinous and malt liquors in the corporate limits of the town of

Jasper; that he had complied with the law in that he had presented at the same time with his application, a recommendation in writing, signed by twenty respectable freeholders, residing within the corporate limits of said town, who certified that the petitioner was a man of good moral character, and in all respects a proper person to be licensed as a retail liquor dealer, and that he had tendered to the Judge of Probate the amount of money required to be paid for obtaining a license; but that said James W. Shepherd, as such Judge of Probate, had refused and declined to issue to him such license. The respondent waived the issuance of the rule nisi or other notice, and filed his answer admitting the allegations of the petition as to application for license as alleged, and its refusal. Respondent further alleged that he refused to issue the license for the reason that the sale of spirituous, vinous and malt liquors as proposed by the petitioner, was and is prohibited by law, that on the 3rd of March, 1903, an act of the Legislature of Alabama, was approved, entitled "An act to authorize all incorporated towns and cities in Walker County to establish and operate a dispensary or dispensaries in such incorporated towns or cities for the purpose of buying and selling spirituous, vinous and malt liquors, and to provide for the distribution of certain profits arising therefrom, and to further regulate or prohibit the sale of such liquors in said county, upon the casting of a majority vote in favor of said dispensaries, at an election to be held in said County on Tuesday, the 4th day of August, 1903," and which act was made a part of said answer.

The petitioner replied to the answer of the respondent, and answered that the said act set out in said answer was never lawfully adopted by the Legislature of Alabama, and that the said act is unconstitutional, null, and void; that no lawful or authorized election was held in said County of Walker on Tuesday, the 4th day of August, 1903, but that any election held in said County under the said act was unauthorized, unlawful, unconstitutional, null and void.

On the hearing the petitioner offered the deposition of J. Thomas Heflin, Secretary of State, and Elmore

Garrett, Secretary of the Senate. There was judgment rendered denying the relief prayed for in the petition. From this judgment the present appeal is prosecuted, and the rendition thereof is assigned as error.

EMMETT O'NEAL and THOMAS R. ROULHAC, for appellant.—The pasting on the Journal of the Senate after its final adjournment, of the newspaper clipping containing the substance of the proposed law and the typewritten copy of the affidavit of the newspaper proprietor, was not a "spreading on" the journals in compliance with the Constitution. The secretary of the Senate was not authorized to make these pasted entries on the journals after the final adjournment of the Legislature.— *Montgomery Beer Bottling Works v. Gaston,* 28 S. R. 504; *State v. Wilson,* 123 Ala. 259; *Robertson v. State,* 30 S. R. 494; *Ex parte Howard Harrison,* 119 Ala. 484.

But even if it should be held that the amendments and alterations made by the secretary of the Senate, of the Senate Journal of the 36th day, after the adjournment of the Legislature *sine die* on the third of October, 1903, and his act of pasting the newspaper copy of the bill, with the typewritten copy of the affidavit of the newspaper editor, was a compliance with the requirements of section 106 of the Constitution, the pertinent inquiry is, by what authority were these corrections and entries on the Journal made. If they were made by the secretary without the authority of the Senate, or after its final adjournment, they were simply interpolations, which were unauthorized and void.—*People v. Burch,* 84 Mich. 408; *State v. Wilson,* 123 Ala. 269; *Harrison v. Gordy,* 57 Ala. 49; *Jennings v. Russell,* 92 Ala. 606

The act is unconstitutional, because by section XI it authorizes the people of Walker County by their vote to repeal all existing laws on the subjject of intoxicating liquors in conflict with the act. The Legislature cannot delegate tol the people the power of repealing existing laws.—*Mitchell v. State,* 134 Ala. 411; 6 Ency. Law., 2d Ed. p. 1023, and notes; Black on Constitutional Law, p. 324; Century Digest, vol. 10, p. 1394.

[Childers v. Shepherd.]

Hon. J. J. Ray was acting as Circuit Judge for Walker County. He was exercising all the powers and authority of such a Judge. His Court was held at the Court House, and there was no question raised at the time of the trial of his power to decide this case. If he was not a *de jure*, he was a *de facto* judge.—*Masterson v. Matthews*, 60 Ala. 264; *Thompson v. State*, 21 Ala. 48; *Diggs v. State*, 49 Ala. 311; *Roundtree's Case*, 51 Ala. 42; *Floyd v. State*, 79 Ala. 39; 126 Ala. 74.

W. C. DAVIS *and* W. L. MARTIN, *contra.*—Except as restrained by the State or Federal constitution, the power of the Legislature is unlimited.—*Dorman v. State*, 34 Ala. 216; *Davis v. State*, 68 Ala. 58; *Moog v. Randolph*, 77 Ala. 597; *Capital City Water Company v. Board of Revenue*, 117 Ala. 303; *Shepherd v. Dowling*, 127 Ala. 1.

The Legislature having the right to prohibit entirely the sale of intoxicating liquors, may prohibit its sale by individuals and private corporations and commit the traffic exclusively as a mode of regulation to counties and towns, without violating any right of the citizen, and without infringing the rule against class and unequal legislation.—*Shepherd v. Dowling*, 127 Ala. 1; *Hubbard v. Lancaster*, 127 Ala. 157; *Ard v. Ozark*, 127 Ala. 671.

The Constitution of 1901, does not in any manner curtail or restrict the power formerly exercised by the Legislature in respect to the liquor traffic, but on the contrary expressly preserves such power to the Legislature, subject only to the provisions of section 106 as to notice. Proviso to Sec. 104; Debates of July 11, 1901.

The observance of due respect to a co-ordinate department of the Government requires that the Legislature and the two Houses thereof be left free to adopt and pursue the rules for their own proceedings and the methods of placing them upon record, subject to judicial review only in the particular case specified in the Constitution.—*Dorman v. State*, 34 Ala. 216, 234; *Trammell v. Pennington*, 45 Ala. 673, 678; *Ex parte Howard-Harrison Iron Co.*, 119 Ala. 484.

[Childers v. Shepherd.]

· The manner of keeping its journal and making entries therein are matters falling within the domain of the power of each House "to determine the rules of its own proceedings," and of the two Houses in the exercise of "all the powers necessary for the Legislature of a free state," as guaranteed by section 53 of the Constitution.

Each House has the inherent power to amend its records at the same or a subsequent session so as to make them speak the truth and such amendment relates back and has effect from the time the business was actually transacted.—*Vandyke v. State,* 22 Ala. '57; *Hudley v. Yonge,* 69 Ala. 89; *Keith v. State,* 91 Ala. 2; *Turley v. County of Logan,* 17 Ill. 150.

The jousnals of the two Houses of the Legislature import absolute verity and cannot be varied or contradicted by parol evidence.—*State v. Buckley,* 54 Ala. 599; *McKennie v. Gorman,* 68 Ala. 442; *Jennings v. Russell,* 92 Ala. 603; *Montgomery Beer Bottling Works v. Gaston,* 126 Ala. 425; *Robertson v. State,* 130 Ala. 164.

A new constitutional provision will be read and construed in the light of existing conditions, and in view of the evil which it was designed to remedy.—*Walker v. City Council,* (Ala.), 36 So. 23; *Bender v. Meyer,* 55 Ala. 576; *Taylor v. Woods,* 52 Ala. 474, 477.

HARALSON, J.—It is admitted by counsel for petitioner that "the sole question raised by the record is whether the act which authorized dispensaries in Walker county upon its ratification by a popular vote and the election held under its provisions, was constitutional."

So far as what occurred in the House of Representatives where the act originated is concerned, it cannot be successfully contended that there was any thing done or omitted, which subjected it to constitutional infirmity. The bill in question was introduced, accompanied by notice and proof of notice, such as is required by § 106 of the Constitution. The notice given consisted of the publication in full of the bill itself, together with its title, accompanied by the following affidavit: "The State of Alabama, Walker county. Before me, Sheriff Lacy,

[Childers v. Shepherd.]

Register in Chancery in and for said county, this day
personally came J. C. Norwood, known to me to be the
editor and manager of the Mountain Eagle, a newspaper
published in Jasper, in said county, who being by me
duly sworn, deposes and says, that the attached notice to
authorize all incorporated towns and cities in Walker
county to establish and operate a dispensary or dispen-
saries in such incorporated towns or cities, was published
once a week for four consecutive weeks in said newspaper
before the making of this affidavit."

The criticism of counsel that this affidavit does not
state the name of the newspaper, and the name of the
county in which said paper was published, is without
merit. The affidavit is headed, "State of Alabama, Wal-
ker County," and refers to the name of the paper in
which it was published as the Mountain Eagle, published
at Jasper in said county, of Walker, and it further states,
that the notice was published for four consecutive weeks
in said newspaper, referred to in the affidavit,—The
Mountain Eagle, published at Jasper in said county.
It thus appears, that the notice and proof of notice were
sufficient; and, the bill, with such notice and proof,
was duly passed by the House.

After the passage of the bill in the House, that body
caused it to be sent to the Senate, with the message that
"The House has originated and passed the following bills
and ordered the same sent to the Senate without engross-
ment." Among the number was the bill in question, its
transmission being accompanied with the statement,
"Said bill is accompanied by legal notice and proof and
which notice and proof, appears in the House Journal as
required by law."

The original journal plainly shows that after proof by
affidavit of the notice of the proposed law was exhibited
to the House, where the measure originated, it was also
exhibited to the Senate, along with the bill when it was
transmitted without engrossment to the latter body.
The bill as originally introduced into the House, passed
the Senate on the 26th of February, 1903. The journal
also shows that the notice and proof thereof were spread
at length on the journal of the Senate.

It is said that the entries of this notice and proof consisted of a newspaper clipping of the bill in question, pasted on the journal together with a typewritten copy of the said affidavit of the publisher of the Mountain Eagle, also pasted thereon. That this was such a spreading of the notice and proof upon the journal, as complies with the law, was held in the case of *Dudley v. Fitzpatrick,* at the present term, in MS.

It is again objected that this entry was made after the adjournment of the Legislature, by virtue of a general resolution of the two Houses authorizing and directing it to be done.

The original journal of the Senate of the 60th and last day of the session, at the end of all its proceedings, including a spreading thereon of the notices and proofs of notices of local bills, including the one in question, shows a final adjournment of the Legislature, certified by its President, and attested by its Secretary, making it thus affirmatively appear, that the journal was completed before final adjournment. It is said, however, that the proof shows, that this, and some other notices and proofs of notice of local bills were, in fact, spread upon the journal after the Legislature adjourned. If it were competent to consider such proof, which 'we do not decide, yet, there does appear on the journal of the Senate, a joint resolution of the two Houses, adopted October, 3rd, 1903, on the last day of the session, which authorized the spreading upon the journal of each House, the proof by affidavit of the publication of all local bills passed by the Legislature at that session, which was sufficient for the purpose.

The proposition that the act is in violation of section 22 of the Constitution in that it grants to towns and cities of Walker county, the exclusive privilege of selling intoxicating liquors, is wholly wanting in merit.—*Shepherd v. Dowling,* 127 Ala. 1; *Hubbard v. Lancaster,* Ib. 157; *Ard v. Ozark,* Ib. 671.

It is again insisted that this act is unconstitutional, because by section 11 it authorizes the people of Walker county by their votes to repeal all existing laws on the

[Childers v. Shepherd.]

subject of intoxicating liquors, in conflict with the act.

Section 11 referred to, provides that this act shall not repeal the dispensary act passed at the same session of the Legislature for precinct No. 5 of Walker county, until January, 1904, and not then, unless this act in the meantime has been ratified by a majority of the qualified voters of said county, voting at the election, authorized by sections 19 and 20 of the act. These sections provide for an election by the qualified voters, to determine if said dispensary law for the certain county should be ratified. If ratified, the Legislature simply provides for the repeal of the other dispensary law for precinct number 5 of the county, the repeal to go into effect on the 1st of January, 1904. There was no use in having two dispensary laws in the county. If the last was ratified, it gave precinct number 5, all that was conferred on it by the special law for that particular precinct. The Legislature may pass a valid statute, to take effect on the happening of a future event, and the statute will not, on that account, be held to be unconstitutional.—*Davis v. State,* in MS; *Hand v. Stapleton,* 135 Ala. 162.

A local law may be passed to take effect, on the ratification of the same by the people of a county or district thereof.—*Stanfield v. Board of Revenue,* 89 Ala. 407; *Edmondson v. Ledbetter,* 114 Ala. 479.

It appears that the judgment in this case was rendered by a court presided over by a *de facto* judge, at a time when the court could be legally held. There was no error in denying the writ of mandamus.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.