STATE ex rel. BRUNSON v. EAGERTON et al. (4 Div. 173.)

(Supreme Court of Alabama. Dec. 18, 1924. Rehearing Denied Jan. 22, 1925.)

1. Statutes ⬤⟾124(4)—Title of act imposing duties of jury commission on county commissioners held sufficient.

The provisions of Loc. Acts 1923, p. 242, abolishing jury commission of Coffee county and imposing its duties on county commissioners, held cognate and incidental to the general purpose of the act as expressed in its title, and not in contravention of Const. 1901, § 45.

2. Statutes ⬤⟾8½(2)—Amendment of local act held not in contravention of constitutional provision requiring publication of notice, substance of law having been published.

Const. 1901, § 106, requiring the publication of notice before enactment of local act, is not violated by section 4½, added by way of amendment to Loc. Acts 1923, p. 242; the substance of the proposed law having been included in the notice published as required.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Quo warranto by the State of Alabama, on the relation of F. P. Brunson, against J. T. Eagerton and others. From a judgment dismissing the complaint or petition, relator appeals. Affirmed.

The petition alleges that the relator is a citizen of Coffee county; that the defendants, who comprise the county commission of Coffee county, have usurped and unlawfully hold the offices of jury commissioners of the county, assuming to act under authority of an act of the Legislature of Alabama approved September 26, 1923 (Local Acts 1923, p. 242); that the said local act is unconstitutional and void; that M. V. B. Farris and others are rightly entitled to the offices, having been duly appointed and commissioned by the Governor, as authorized by law. It is prayed that defendants be ousted from the offices and said Farris and others be adjudged entitled thereto.

Defendants demurred to the petition on the ground, among others, that it appears from the petition that defendants are county commissioners of Coffee county, and under the act mentioned are entitled to hold and exercise the duties of the office of jury commissioners. The trial court sustained the demurrer, taking this point, relator declined to amend, and there was judgment dismissing the petition. Relator appeals from this judgment.

The substance of the notice of the local law, as shown by the Legislative Journals, is as follows:

"Notice is hereby given that at the next adjourned session of the Legislature of Alabama, a bill will be introduced for passage and enactment into law, providing in substance as follows:

"To abolish the jury commission of Coffee county, Ala., and to confer and impose upon and to require the county commissioners of Coffee county, Ala., to do and perform all the duties and other acts which are now required to be performed by the jury commission of Coffee county, Ala., under an act of the Legislature of Alabama approved August 31, 1924. And to provide that the said county commissioners when performing the duties which are now required by the jury commission, to receive the same pay per diem, as they received for other of their duties as such commissioners. And to repeal all laws in conflict with said act."

W. W. Sanders, of Elba, for appellant.

The provisions of section 4½ of the act are not cognate to the objects or subjects enumerated in the title. Cooley's Const. Lim. 179, 180; Rice v. Westcott, 108 Ala. 353, 18 So. 844; White v. Burgin, 113 Ala. 170, 21 So. 832; Ex parte Gayles, 108 Ala. 514, 19 So. 12; Ham v. State, 156 Ala. 645, 47 So. 126, Windham v. State, 16 Ala. App. 383, 77 So. 963. The act is violation of section 106 of the Constitution of Alabama of 1901. Wallace v. Board, 140 Ala. 502, 37 So. 321.

Fleming & Yarbrough, of Enterprise, M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellees.

Section 4½ of the act is germane to the title. Windham v. State, 16 Ala. App. 383, 77 So. 963; Windham v. State, 202 Ala. 697, 79 So. 877; Lindsay v. U. S. S. & L. Asso., 120 Ala. 156, 24 So. 171, 42 L. R. A. 783; Lewis v. State, 123 Ala. 84, 26 So. 516; Bates v. State, 118 Ala. 102, 24 So. 448; Ex parte Birmingham, 116 Ala. 186, 22 So. 454. There is no violation of section 106 of the Constitution. Law v. State, 142 Ala. 62, 38 So. 798.

THOMAS, J. The suit is quo warranto to test the validity of the act of 1923. Local Acts 1923, p. 242.

[1] The provisions of section 4½ of the act are proper, cognate, and incidental to the general purpose of the act as expressed in its title, are referable to the title, and the act is not offensive to provisions of section 45 of the Constitution. The county is divided into two divisions of the circuit court held by law at Elba and Enterprise, respectively. It was a necessary provision to facilitate the drawing of juries, as provided by law, by the judge holding that court in the respective divisions. Leonard v. Lyons, 204 Ala. 615, 87 So. 99.

[2] Section 4½ of the act, added by way of amendment, does not offend section 106 of the Constitution. The substance of the proposed law was given by publication, as required by that section of the Constitution. Law v. State, 142 Ala. 62, 38 So. 798; State ex rel. Covington v. Thompson, 142 Ala. 98, 107, 38 So. 679; Ham v. State ex rel. Buck, 156 Ala. 645, 47 So. 126; Leonard v. Lyons, 204 Ala. 615, 87 So. 99.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.