## BRUNSON v. STATE. (4 Div. 182.)

(Supreme Court of Alabama. April 9, 1925.)

1. **Criminal law ⬉278(2)—Plea in abatement will not lie for nondeposit of jury box and keys with judge.**

Nondeposit of jury box and keys with judge of circuit court prior to drawing venire from which grand jury returning true bill was selected in conformity with Loc. Acts 1923, p. 242, is not ground for plea in abatement, in view of Code 1923, § 8630.

2. **Homicide ⬉47—When killing of person committing adultery with slayer's wife is manslaughter stated.**

Where one person detects another in adultery with former's wife, and immediately slays the adulterer or the wife, as matter of law the provocation is sufficient to reduce the killing to manslaughter.

3. **Homicide ⬉295(1) — Charge on adultery as provocation held properly refused as argumentative.**

Requested written charge pertaining to provocation, where one person, learning of adultery with his wife, kills the adulterer, *held* properly refused as argumentative.

4. **Homicide ⬉271—Where decedent not detected and killed while in adultery with accused's wife, prior intercourse not sufficient provocation as matter of law.**

Where decedent was not detected and killed while in act of adultery with slayer's wife, the fact that they had been engaged in sexual intercourse immediately before killing and that such fact came to slayer's knowledge, was not, as matter of law, sufficient to reduce the crime from murder to manslaughter.

5. **Criminal law ⬉829(1)—Refusal to give requested charge fully and fairly covered by given written and oral charge held not error.**

Refusal to give requested charge fully and fairly covered by given written and oral charges *held* not error, in view of Code 1923, § 9509.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Walter Brunson was convicted of murder in the first degree, and he appeals. Affirmed.

Charge 2, refused to defendant, is as follows:

"If the jury believes from the evidence that immediately before the killing the defendant's wife and the deceased engaged in the act of sexual intercourse, and the circumstances then and there coming to the knowledge of the defendant apprised him of the fact, if it be a fact, then there was in the eyes of the law adequate provocation such as would reduce the crime to manslaughter, if the defendant acted in the heat of passion thereby aroused, and killed the deceased while under the influence of such passion."

W. W. Sanders, of Elba, for appellant.

Failure to deposit the jury box and keys with the circuit judge necessitated the quashal of the indictment Code 1923, § 8630, is modified by the local act. Local Acts 1923, p. 242. Where the husband detects the wife in the act of adultery, and immediately slays her or her paramour, the provocation is sufficient to reduce the homicide to manslaughter. Hooks v. State, 99 Ala. 166, 13 So. 767; McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am. St. Rep. 17; Rigell v. State, 8 Ala. App. 46, 62 So. 977; 29 Cyc. 1142; 13 R. C. L. 794. If the husband only discover the wife and another in a compromising position, it is a question for the jury, considering all the circumstances, whether the provocation was sufficient. Rigell v. State, supra; 29 C. J. 1142; 13 R. C. L. 791.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MILLER, J. The grand jury of Coffee county on October 23, 1924, returned in open court an indictment charging Walter Brunson with the killing of Clark Bennett under circumstances constituting murder in the first degree. The jury found him guilty, as charged in the indictment of murder in the first degree, fixed his punishment at imprisonment in the penitentiary for life, and from a judgment and sentence of the court according to the verdict of the jury this appeal is prosecuted by the defendant.

The defendant filed a plea in abatement to the indictment, which contained three grounds on which he claimed the indictment should be quashed. The court sustained demurrers of the state to this plea in abatement. The first and second grounds stated for abating the indictment are based on averments that the local act, approved September 26, 1923, pages 242 and 243, Local Acts 1923, is unconstitutional and void; that the jury box from which the jurors were drawn—from which the grand jury was selected—was filled by the county commissioners of Coffee county under this Local Act instead of from a jury box filled by the jury commissioners under Acts Sp. Sess. 1909, p. 305.

This court in State ex rel. Brunson v. Eagerton (Ala. Sup.) 102 So. 534,[1] sustained this Local Act of 1923, p. 242, approved September 26, 1923, and held it was constitutional and valid.

[1] The appellant concedes now that grounds Nos. 1 and 2 of the plea in abatement present no valid objections to the indictment under authority of Brunson v. Eagerton (Ala. Sup.) 102 So. 534,[1] supra. Ground 3 in the plea in abatement states the jury box and the keys to it were not de-

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 384.

posited with the judge of the circuit court of the county prior to the drawing of the venire from which the grand jury was selected that returned the true bill. It is true that section 4½ of this Local Act of 1923, p. 242, provides, when the qualified juries have been made up and the cards with the names of the qualified jurors prepared and placed in metal boxes by the county commissioners, as required by law, the books containing the rolls and the boxes containing the cards shall then be at once deposited with the judge of the circuit court, including said county, and with the keys to locks on said boxes, and they shall remain in his custody, except when needed by the commissioners for the purpose of revising said rolls or for other purposes mentioned in the act. But this does not modify or change or conflict in any manner with the provision in section 8630 of the Code of 1923, which states:

"No objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same."

Ground 3 in this plea in abatement fails to make this, averment. From these considerations we hold the court did not err in sustaining the demurrers of the state to this plea. Section 8630, Code 1923; State ex rel. Brunson v. Eagerton (Ala. Sup.) 102 So. 534; [1] Sledge v. State, 208 Ala. 154, 93 So. 875; Whitehead v. State, 206 Ala. 288, 90 So. 351.

The defendant and the deceased resided from 40 to 50 steps apart. There was a small corn patch in the rear of the residences. The defendant and the deceased were seen in the daytime going to a place about 15 corn rows in the rear of their residences; the defendant was carrying a gun. When they reached a certain place—about 15 rows from the residence of the defendant—defendant told deceased there was where deceased and defendant's wife had just lain; the deceased denied it, and stated he had not seen his wife that day.

There were tracks leading from the residence of the defendant and from the residence of the deceased to this point in the corn patch. The defendant told deceased the tracks from his residence were made by his wife and the other tracks were made by the deceased, and the deceased denied it, and stated he had not been with defendant's wife at all. The defendant then, without any hostile demonstrations from the deceased, raised his gun, shot deceased, and he died from the wound. This was the tendency of the evidence for the state.

The testimony for defendant tended to show that on a prior occasion deceased was found by defendant after dark with his wife; deceased running off as the defendant' approached them. On the day of the homicide deceased and defendant's wife were seen by defendant coming from this corn patch. The defendant went to his home; got his gun; went to deceased; accused him of just having illicit relations with his wife in this corn patch—all of which deceased denied. They then went together to this place in the patch; defendant pointing to the tracks leading to the place, which he charged were tracks of deceased. There was also evidence that corn stalks had been pulled and made into a bed at the place where he charged they had lain. Other tracks there were pointed to as tracks of defendant's wife. The defendant charged the deceased, while they were at this place in the patch, with having improper relations with his wife. "The deceased made a motion with his hand toward his pocket as if to draw a weapon, and with an oath called defendant a liar, and thereupon defendant shot deceased."

[2] The following principle of law, applicable to the tendency of the evidence in this case, was declared in Hooks v. State, 99 Ala. 168, 13 So. 768:

"Where one person detects another in the act of adultery with his wife, and immediately slays the adulterer or his wife, as matter of law the provocation is sufficient to reduce the killing to manslaughter. The law does not declare that any thing less than actual sexual intercourse is a sufficient provocation, as a matter of law, to reduce the offense from murder to manslaughter."

This principle was amplified in McNeill v. State, 102 Ala. 126, 15 So. 352, 48 Am. St. Rep. 17, as follows:

"If a man find his wife in the act of adultery, and, provoked by the wrong done him and moved by the passion naturally engendered, he immediately kills her, he is not guilty of murder, but of manslaughter only, but that, on the other hand, if he does not strike and kill until after there has been time for his passion to cool and for reason to reassert itself, or if he strikes and kills immediately, but is not moved thereto by the heat of passion but by prior malice, hatred, a desire to avenge, the wrong done him, or by any other motive or upon any design whatever except such as is presently engendered by the paroxysm of rage into which he is thrown by this extreme provocation, he is guilty of murder. And this beyond all doubt is the law."

[3-5] Defendant's written charge numbered 2, refused by the court, is insufficient and defective. The court did not err in refusing it, as it is argumentative. The defendant seeks by it to have the court declare as a matter of law circumstances other than detection and killing of decedent while in the act of adultery with his wife, sufficient to reduce the crime from murder to manslaughter, which is not correct. Authorities

---

[1] Ante, p. 384.

supra. Defendant's written charge numbered 3, whether good or bad, was fully and fairly covered by written charge numbered 1, given by the court at the request of defendant, and by the clear and comprehensive oral charge of the court to the jury. Section 9509, Code 1923.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

