31 So.2d 717

## OPINION OF THE JUSTICES.
### No. 80.

Supreme Court of Alabama.

Aug. 12, 1947.

The House Resolution, after reciting that the House has pending before it House Bill No. 388 (By Mr. Coburn) "To create the Municipal Utilities Board of Muscle Shoals," etc., and setting forth the title in detail, is as follows:

Whereas the published notice of intention to apply for the enactment of House Bill No. 388 and the bill as passed by the House included the following as Section 21 thereof; "Section 21. This Act shall go into effect immediately upon its passage and approval by the Governor or upon its becoming a law without his approval," and

Whereas the Senate has amended House Bill No. 388 as follows:

"(2) Strike from Section 21 of House Bill 388 the following 'This Act shall go into effect immediately upon its approval by the Governor or upon its becoming a law without his approval.' and substitute in lieu thereof

"(a) The provisions of this Act shall not become effective until approved by the electors of Muscle Shoals at a referendum election to be held at the time of the regular municipal election to be held on September 15, 1947. The chairman of the governing body of Muscle Shoals shall issue a proclamation stating the time of holding the election and the proposition to be submitted to the electors, and the proclamation shall be published one time at least ten (10) days prior to the election in a newspaper of general circulation in the city.

"(b) On the ballots to be used at the election, the proposition shall be stated substantially as follows: 'Shall Muscle Shoals adopt the provisions of Act——— of the 1947 Legislature, approved the ——— day of ———, 1947? Yes ( ) No ( ).'

"(c) If a majority of the votes at the election shall be 'yes,' the provisions of this

Act shall be adopted by Muscle Shoals and shall become effective immediately. If a majority shall be 'no,' the act shall have no effect." and

Whereas House Bill No. 388 as amended by the Senate has been returned to the House, therefore

Be it resolved by the House of Representatives:

1. The Justices of the Supreme Court of Alabama are requested to give their written opinion on the following questions:

(a) Will the Senate's amendment of Section 21 of House Bill No. 388 invalidate the Act under Section 106, article IV of the Constitution if the House concurs in the Senate amendment and the Act is passed in every other respect in accordance with constitutional requirements?

(b) Will the senate's amendment of Section 21 of House Bill No. 388, if concurred in by the House, invalidate the Act under Section 44, Article IV of the Constitution?

The House of Representatives,

State Capitol,

Montgomery, Alabama.

Gentlemen:

Your inquiry set out above relates to the amendment of Section 21 of House Bill 388, which bill is designed, as indicated by its title, to create a municipal utility board for Muscle Shoals, provide for its membership, and the details of the operation of said board in the management and operation of any water, gas or other utilities in the town of Muscle Shoals, as in the future may be acquired by said town. We see no occasion for a recital of the many details of this proposed Act either in the opinion or in the report as it will appear when published.

Your inquiry, as previously indicated, relates solely to the amendment of Section 21 of said House Bill 388. This bill, as we understand from your inquiry, was a local bill and duly published. As originally framed and published, and as passed by the House, Section 21 of the Bill provides as follows:

"This Act shall go into effect immediately upon its passage and approval by the Governor, or by its becoming a law without his approval."

When the bill reached the Senate that body amended said House Bill 388 so as to strike from Section 21 the provision concerning the effective date of the Act, and substituted in lieu thereof the following:

"(a) The provisions of this Act shall not become effective until approved by the electors of Muscle Shoals at a referendum election to be held at the time of the regular municipal election to be held on September 15, 1947. The chairman of the governing body of Muscle Shoals shall issue a proclamation stating the time of holding the election and the proposition to be submitted to the electors, and the proclamation shall be published one time at least ten (10) days prior to the election in a newspaper of general circulation in the city.

"(b) On the ballots to be used at the election, the proposition shall be stated substantially as follows: 'Shall Muscle Shoals adopt the provisions of Act ——— of the 1947 Legislature, approved the ——— day of ———, 1947? Yes ( ) No ( ).'

"(c) If a majority of the votes at the election shall be 'Yes,' the provisions of this Act shall be adopted by Muscle Shoals and shall become effective immediately. If a majority shall be 'No,' the Act shall have no effect."

Your inquiry, therefore, is whether or not this amendment by the Senate with reference to the effective date of the Act violates either Section 106, Article IV of the Constitution or Section 44, Article IV of the Constitution.

As to Section 44, Article IV of the Constitution, it has long been the settled rule that the Legislature may pass a valid statute to take effect on the happening of a future event, and the statute will not on that account be held to be unconstitutional. This question was considered in Childers v. Shepherd, 142 Ala. 385, 39 So. 235, 237, wherein the following exerpt from that opinion is here directly in point:

"A local law may be passed to take effect on the ratification of the same by the people of the county or district thereof."

It is clear enough, therefore, that the amendment in no manner conflicts with Section 44 of the Constitution.

As to Section 106 of the Constitution, we have often observed that it is not to be

given a narrow and literal construction which would destroy all power of amendment in the legislative process. Not being inclined to hamper legislation unnecessarily this court has held that the Constitution was not intended to interfere with the right of the Legislature to shape up and work out the details of local legislation. McCreless v. Tennessee Valley Bank, 208 Ala. 414, 94 So. 722. And such details need not be embraced in the published notice. State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36.

As previously observed, the amendment merely changed the effective date of the Act from the date of its approval by the governor, or otherwise becoming a law, to the date of its approval by the electors of the town. We are of the opinion that this was a matter of detail which could be worked out by the Legislature in shaping the proposed legislation and that it in no manner offended Section 106 of the Constitution. The following authorities will suffice as illustrative of our views: State ex rel. Brunson v. Eagerton, 212 Ala. 384, 102 So. 534; State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431; Court of County Commissioners v. Lightner, 225 Ala. 22, 141 So. 908; Tucker v. State ex rel. Poole, 231 Ala. 350, 165 So. 249; Shades Valley Land Co. v. City of Homewood, 235 Ala. 462, 179 So. 815; Leonard v. Lyons, 204 Ala. 615, 87 So. 99. In this connection perhaps the case of McCreless v. Tennessee Valley Bank, hereinabove cited is more nearly in point. See also ex rel. Ham v. Brock, 180 Ala. 505, 61 So. 646; McGehee v. State ex rel. Tate, 199 Ala. 287, 74 So. 374.

Our answer, therefore, to your inquiry is in the negative, that is, that the amendment of Section 21 to House Bill 388, as above outlined, violates neither Section 44 nor Section 106 of our Constitution.

All of which is

Very respectfully submitted,

LUCIEN D. GARDNER
Chief Justice
JOEL B. BROWN
J. ED LIVINGSTON
THOMAS S. LAWSON
ROBT. T. SIMPSON
DAVIS F. STAKELY
Associate Justices