[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 113 
The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama.
Gentlemen:
Pursuant to Section 34 of Title 13 of the Code of Alabama 1940, I hereby request the opinion of the Justices of the Supreme Court on the following important constitutional question involving the validity of Act #572 of the Regular Session of the Legislature of 1949, being House Bill 985 by Haynes of Franklin County, Alabama, approved September 9, 1949 and entitled as follows:
"To abolish the Court of County Revenues of Franklin County as it now exists and to establish in lieu thereof a Board of Revenue of Franklin County; to provide for its organization, powers, jurisdiction and duties; to provide for the qualifications, election and compensation of its members; to repeal all acts heretofore enacted relative to the Court of County Revenues of Franklin County and especially Act No. 479, S. 222, approved February 27, 1901, Acts of Alabama 1900, page 1203; and providing that this Act shall become effective upon its approval by the qualified electors of Franklin County."
Section 10 of said Act reads as follows:
"Section 10. This Act shall not become effective unless a majority of the qualified electors voting in an election to be held in Franklin County on the first Tuesday following the expiration of three months after the final adjournment of the present session of the Legislature, shall vote to adopt the provisions of this Act. On the ballot to be used at the election, the question shall be: 'Do you favor the adoption of the provisions of Act No. __________, (H. __________ by Haynes), approved __________, 1949?' Only qualified electors of Franklin County shall be entitled to vote at such election, notice of which shall be given by the probate judge not less than ten days before the election is to be held. If a majority of the votes cast at such election shall be in favor of the proposal, the provisions of this Act shall become effective immediately, but if a majority shall oppose the proposal, the Act shall have no effect."
The date of said election to be held in Franklin County pursuant to Section 10 of said act aforesaid is December 13, 1949. I am advised that there is only one newspaper in Franklin County in which the ten days' notice can be given by the Probate Judge as required by Section 10 supra of said act and the only issue in which said notice can be given by said Probate Judge is the issue to be published December 1, 1949.
I am further advised that the Attorney General of Alabama in response to a request from the Probate Judge of Franklin County, Alabama, has on the 15th day of November, 1949, rendered an opinion holding that said Act #572 is invalid and that relying upon said opinion said Probate Judge of Franklin County has refused to give said notice as required by Section 10 of the act which is a prerequisite to the holding of the election on December 13, 1949. These facts make it imperative that I request an opinion of the Justices at their earliest convenience as to the following questions:
1. Does Section 10 of Act #572 of the Regular Session of the Legislature of 1949 above set forth violate Section 44, Article 4 of the Constitution?
2. Said Act #572 was passed by the Legislature and approved by the Governor on September 9, 1949. Section 10 of said act is identical with the provisions approved by the Justices of this Court in *Page 114 
Opinion of the Justices reported at 249 Ala. 509, 31 So.2d 717. It was clearly the legislative intent that the provisions of the act preceding Section 10 should not become operative unless a majority of the qualified electors voting in the election provided for therein vote to adopt the provisions of the act but that the provisions of Section 10 with reference to the holding of the election in Franklin County should become effective upon the passage and approval of the act. Does Section 10 render the Act so uncertain and indefinite as to be unenforceable and inoperative?
In asking the last question above I respectfully refer the Justices to the language contained in Opinion of the Justices,249 Ala. 88, 30 So.2d 14, reading as follows:
"We feel impelled to state, however, lest we be misunderstood, that though the Act may not be violative of the provisions of the Constitution above outlined, yet, we entertain the view that it is so uncertain and indefinite as to be unenforceable. We 'have concluded, therefore, though it is beyond the scope of your specific inquiry, to state our opinion in that respect."
This being the decision upon which the Attorney General seems to have based his opinion I respectfully request the Justices to state their opinion upon this constitutional objection of lack of appropriate certainty raised to said Act #572.
3. Does the Act violate Section 104 of Article 4(29) and is it void for that reason ?
4. Does the Act violate Section 45 of Article 4 of the Constitution and it is, therefore, totally void?
5. Does Section 9 of the Act repeal all laws, general, local and special having to do with the county governing body, without reference to whether or not such laws are in conflict with the Act, and is the Act void for that reason?
6. Section 2 of the Act provides:
"One member of said Board shall be elected from and by the qualified electors of each of the four commissioners districts of Franklin County as they are now constituted."
The said districts are now constituted pursuant to Act. No. 479, S. 222, approved February 27, 1901, Acts of Alabama 1900-01, page 1203. Does the repeal of said Act of 1901 by this Act (# 572) render this Act unworkable and therefor void?
7. Is it the duty of the Probate Judge of Franklin County under said Act #572 to prepare a voters list for the information of the election officers in the four commissioners districts as now constituted in Franklin County?
8. Is Section 5 of the Act void and if so, is it so connected with Section 2 of the Act that it renders the entire Act void?
9. If the Act should be held otherwise valid, under the absentee voters law, absentee voters will, no doubt, vote long before the notice of its submission at the coming election is required to be given, or will be given; would this failure of some voters to have notice that the Act was being submitted affect the election and, therefore, render the Act void?
 Respectfully submitted, James E. Folsom, Governor.
The act involved, omitting the title and section 10 thereof, is as follows:
Section 1. That the Court of County Revenues of Franklin County as the same now exists is hereby abolished. In lieu of the Court hereby abolished, there is hereby established and created a Board of Revenue of Franklin County, Alabama, which shall be composed of five members,
Section 2. At the general election held for the election of county and state officers in 1952, there shall be elected five members of the Board of Revenue of Franklin County, Alabama. One member of said Board shall be elected from and by the qualified electors of each of the four commissioners districts of Franklin County as they are now constituted. Such members so elected shall be qualified electors of Franklin County and shall be electors of and reside in the district from which he or she is elected. Such members shall be nominated by the electors from the respective district which they propose to represent if elected. One member, who shall *Page 115 
be designated chairman of the Board of Revenue, shall be elected by the qualified electors of the county at large. Such member, elected as chairman, must be a resident and qualified elector of Franklin County. Each of said members so elected shall hold office for a term of four years or until his successor is elected and qualified. Every candidate for office to membership of the Board of Revenue of Franklin County shall designate in the announcement of his candidacy the number of the district in which he is a candidate, or that he is a candidate for chairman of the Board of Revenue, and the ballots used in said election shall show the place on the board for which the person is a candidate. Members of the Board of Revenue of Franklin County who are elected in the general election of 1952 shall take office on January 15th of the year next following their election.
Section 3. The incumbent commissioners representing the four commissioners districts shall continue to serve and represent their respective districts as members of the Board of Revenue until January 15, 1953, or until their successors are elected and qualified. Immediately following the effective date of this Act the Governor shall appoint a person to serve as a member and chairman of the Board of Revenue. The person appointed as chairman must be a resident and qualified elector of Franklin County and shall serve as chairman until January 15, 1953 or until his successor is elected and qualified.
Section 4. The members of the Board of Revenue of Franklin County shall receive the same compensation and allowances for the performance of their duties as is now or may hereafter be provided by the general laws of the State of Alabama for members of the courts of county commissioners, boards of revenue or other like county governing bodies.
Section 5. Except as otherwise provided herein, the Board of Revenue of Franklin County shall have the same powers and jurisdiction, and shall perform the same duties which are now or may hereafter be conferred or imposed upon boards of revenue, courts of county commissioners or other like county governing bodies by the general laws of the State of Alabama.
The expenditure and management of all county, road and bridge funds shall be under the exclusive control and supervision of the Board of Revenue of Franklin County. It is provided, however, that such funds shall be appropriated or allocated pro rata among the several districts except by unanimous consent of the members of the board.
Section 6. The Board of Revenue of Franklin County shall have the authority to employ a county engineer, to prescribe his qualifications, to fix his term of office, and to fix his compensation.
Section 7. The chairman of the board shall be the presiding officer of the board and shall have the same powers and authority as other members in passing upon any and all questions which come before the board. In addition to his other duties, the chairman shall also exercise all powers and perform all the duties required to be performed by the probate judge under the general laws of the State of Alabama in those counties where the probate judge sits as an ex-officio member of the county governing body of the county.
Section 8. Should any sentence, paragraph, section or clause of this Act be declared unconstitutional by any court of competent jurisdiction, then such action by said court shall not affect the other provisions of this Act which are otherwise constitutional.
Section 9. That all laws, general, local and special having to do with the county governing body of Franklin County are hereby repealed, and especially Act No. 479, S. 222, approved February 7, 1901 Acts of Alabama 1900, page 1203, and any and all other acts which may be in conflict herewith.
Hon. James E. Folsom Governor of Alabama State Capitol Montgomery, Alabama
Dear Sir:
We acknowledge your inquiry of November 25, 1949, requesting the opinion of *Page 116 
the Justices of the Supreme Court of Alabama on certain constitutional questions involving the validity of Act No. 572 of the Regular Session of the Legislature of 1949, being H. B. 985, approved September 9, 1949. We shall answer your inquiries by number in the order in which you have presented them.
1. No. "A local law may be passed to take effect on the ratification of the same by the people of a county or district thereof." — Childers v. Shepherd, 142 Ala. 385,39 So. 235, 237; Opinion of the Justices, 249 Ala. 509, 31 So.2d 717.
2. We do not consider that Section 10 renders the Act so uncertain and indefinite as to be unenforceable and inoperative. Giving the Act the presumption of validity which should be accorded to it, we think that it was the legislative intent that the provisions of the Act preceding Section 10 should not become operative unless a majority of the qualified electors voting in the election provided for therein vote to adopt the provisions of the Act, but that the provisions of Section 10 with reference to the holding of the election in Franklin County should become effective upon the passage and approval of the Act. — Childers v. Shepherd, supra; Opinion of the Justices, supra.
3. No. The Act does not purport to make provision "for the conduct of elections." — Dunn v. Dean, 196 Ala. 486,71 So. 709, 714; State ex rel. Brown v. Slaughter, 196 Ala. 428,71 So. 416.
4. No. — Opinion of the Justices, 249 Ala. 511,31 So.2d 721.
5. No. We think the fair intent of the Act is to provide that all laws, general, local and special, in conflict with the Act are thereby repealed.
6. No.
7. No.
8. No.
9. This inquiry does not relate to a constitutional question, but a statutory construction not included in § 34, Title 13, Code of 1940.
Respectfully submitted,
JOEL B. BROWN,
ARTHUR B. FOSTER,
J. ED. LIVINGSTON,
DAVIS F. STAKELY,
Associate Justices.